TEXAS A & M UNIVERSITY SYSTEM, Texas Engineering Experiment Station, and Dr. Mark McLellan, Petitioners,

v.

Dr. Sefa KOSEOGLU, Respondent.

No. 05–0321.

Supreme Court of Texas.

Argued Nov. 14, 2006.

Delivered Sept. 7, 2007.

Greg Abbott, Atty. Gen., Barry Ross McBee, Edward D. Burbach, Office of Atty. Gen., Jeffrey L. Rose, Atty. Gen., Robert Francis Johnson, Assistant Atty. Gen., Don Wayne Cruse Jr., Assistant Solicitor Gen., and Rafael Edward Cruz, Office of Atty. Gen., Austin, for Petitioner.

Wayne T. Rife, Law Offices of Wayne T. Rife, P.C., College Station, TX, for Respondent.

Justice GREEN delivered the opinion of the Court.

■ In this case we consider whether a plaintiff who, on appeal, loses a plea to the jurisdiction based on sovereign immunity is entitled to a remand for an opportunity to cure the jurisdictional pleading defect. We conclude that when a pleading cannot be cured of its jurisdictional defect, a plaintiff is not entitled to amend. Additionally, we must interpret section 51.014(a) of the Texas Civil Practice and Remedies Code to determine whether appellate courts have jurisdiction to consider a government official's appeal of a trial court's denial of a plea to the jurisdiction based on sovereign immunity. We conclude that Section 51.014(a)(8) vests appellate courts with such jurisdiction.

Sefa Koseoglu worked as a contract employee at the Texas Engineering Experiment Station, which is a division of the Texas A & M University System. Koseoglu sued the Texas A & M University System, the Texas Engineering Experiment Station ("Texas A & M," collectively), and Mark McLellan, his supervisor, for allegedly breaching his employment contract. Both Texas A & M and McLellan filed pleas to the jurisdiction asserting sovereign immunity and challenging the trial court's jurisdiction to hear Koseoglu's claims. The trial court denied the pleas to the jurisdiction, and Texas A & M and McLellan appealed. The court of appeals reversed the trial court's judgment with respect to Texas A & M's appeal, holding Texas A & M's sovereign immunity from suit barred Koseoglu's breach of contract claim. 167 S.W.3d 374, 384 (Tex.App.-Waco 2005, pet. granted). Rather than dismiss Koseoglu's claim against Texas A

& M, the court of appeals concluded Koseoglu deserved an opportunity to amend his pleadings and therefore remanded the matter to the trial court. *Id.* With respect to McLellan's appeal, the court of appeals held it was without jurisdiction to decide the appeal because, as a state official, McLellan had no statutory right under section 51.014(a)(8) of the Texas Civil Practice and Remedies Code to appeal the trial court's denial of a plea to the jurisdiction premised on sovereign immunity. *Id.* We affirm the court of appeals' judgment with respect to Texas A & M's appeal, but reverse its remand order and dismiss Koseoglu's claim against Texas A & M. With respect to McLellan's appeal, we reverse the court of appeals' judgment and, rendering the judgment the court of appeals should have rendered, we dismiss Koseoglu's claim against McLellan.

## I. Background

In 1999, while still employed by Texas A & M, Koseoglu began moonlighting for a private business enterprise he partially owned. In early 2002, soon after McLellan became Koseoglu's supervisor, Koseoglu requested permission to continue his outside employment. McLellan denied Koseoglu's request. Koseoglu nevertheless continued the outside employment and, in October 2002, McLellan informed Koseoglu that his employment would be terminated at the end of the following month. Seeking to negotiate the terms of his dismissal, Koseoglu sent a letter to the general counsel of the Texas A & M University System on December 19, 2002. In the letter, Koseoglu proposed that he be permitted to remain in his position until August 2003 and receive certain other financial and non-financial benefits. The letter included a blank signature line, under the word "AGREED," which was then signed by an attorney in the Texas A & M general counsel's office. On January 14,

2003, Koseoglu's counsel sent a proposed draft of the final agreement to the Texas A & M general counsel's office. The final agreement was never signed. Koseoglu's counsel later wrote to the Texas A & M general counsel's office that, by refusing to execute the January 14 settlement documents, the Texas A & M University System was in breach of the December 19 "agreement."

In April 2003, Koseoglu sued McLellan and Texas A & M for breach of contract, asserting they breached the alleged December 19 agreement between Koseoglu and Texas A & M. Texas A & M and McLellan each pled the affirmative defense of sovereign immunity and filed pleas to the jurisdiction. Koseoglu filed a motion for summary judgment, contending in part that Texas A & M's and McLellan's sovereign immunity had been waived for his breach of contract action because it had been waived for an underlying action under 42 U.S.C. § 1983 in which Koseoglu asserted a denial of due process with respect to his employment contract with Texas A & M. Four months after Texas A & M and McLellan filed their pleas to the jurisdiction, the trial court denied them. Before the trial court ruled on Koseoglu's motion for summary judgment, Texas A & M and McLellan each filed an interlocutory appeal. The court of appeals reversed the trial court's denial of Texas A & M's plea to the jurisdiction and dismissed McLellan's interlocutory appeal for want of jurisdiction. 167 S.W.3d at 384. The court of appeals concluded that governmental entities do not waive their immunity from suit in Texas by accepting benefits under a contract, and that Koseoglu's pleadings against Texas A & M did not fit the narrow exception suggested by the plurality in Texas A & M University—Kingsville v. Lawson, 87 S.W.3d 518 (Tex.2002), because Koseoglu's underlying Section 1983 claim was not one for which

sovereign immunity had been waived. 167 S.W.3d at 380. Thus, the court of appeals held Koseoglu's breach of contract claim was barred by Texas A & M's sovereign immunity from suit and remanded the case to the trial court, suggesting it might be possible for Koseoglu to state some entirely different claim for which sovereign immunity might have been waived "with respect to the termination of the employer-employee relationship." Id. at 383. With respect to McLellan's appeal, the court of appeals held that, while section 51.014(a)(8) of the Texas Civil Practice and Remedies Code vested it with interlocutory appellate jurisdiction over a jurisdictional plea filed by state officials whose positions are derived from the Texas Constitution, the statute did not give it authority to review interlocutory orders on jurisdictional pleas filed by all other state officials, such as McLellan. Id. at 377–79. Both Texas A & M and McLellan then timely appealed the court of appeals' decision to this Court.

Texas A & M and McLellan argue the court of appeals erred on dual grounds. First, they contend the court of appeals erred in concluding it was without interlocutory appellate jurisdiction to review the jurisdictional plea filed by McLellan, a state official acting in his official capacity. Second, they argue the court of appeals should have dismissed Koseoglu's breach of contract claim after it concluded it was barred by sovereign immunity, rather than remand it to the trial court. We first consider Texas A & M's and McLellan's second issue.

## II. Koseoglu's Suit Against Texas A & M

 Koseoglu argues Texas A & M waived its sovereign immunity from suit on his Section 1983 due process claims and therefore, under Lawson, 87 S.W.3d at

519–23, Texas A & M's immunity has been waived in this breach of contract case as well. In *Lawson*, a plurality of this Court held a plaintiff's claim for breach of an agreement settling his underlying Whistleblower Act claim was encompassed within the Legislature's decision to waive immunity for Whistleblower Act claims. *Id.* at 522–23. But the court of appeals correctly held that the State and its officials sued in their official capacities are immune from money damages sought in a Section 1983 claim unless they waive their immunity. 167 S.W.3d at 380 (citing *Will v. Mich. Dep't of St. Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)). It is up to the Legislature to institute such a waiver, and to date it has not seen fit to do so. *See Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 857 (Tex.2002). Thus, as the court of appeals held, Koseoglu never had an actionable Section 1983 claim against Texas A & M and, therefore, his pleadings are deficient in the sense that *Lawson* is not implicated.

However, rather than dismiss Koseoglu's lawsuit against Texas A & M, the court of appeals reversed the trial court's denial of Texas A & M's plea to the jurisdiction and remanded the cause to the trial court so that Koseoglu could amend his pleadings. 167 S.W.3d at 383–84. It is true that a plaintiff deserves "a reasonable opportunity to amend" unless the pleadings affirmatively negate the existence of jurisdiction. *Harris County v. Sykes*, 136 S.W.3d 635, 639 (Tex.2004); *Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex.2004); *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002). Thus, the issue is whether Koseoglu has already been afforded that opportunity. If not, we agree that he deserves the opportunity if his pleadings can be cured.

Koseoglu argues a plaintiff is not required to amend his pleadings until they are determined by a court to be deficient. Thus, he contends he should now be provided an opportunity to amend. Texas A & M, on the other hand, argues the plaintiff's opportunity to amend should come after the governmental entity files its plea to the jurisdiction, which puts the plaintiff on notice of alleged defects in his pleadings, but before the trial court takes any definitive action. Accordingly, Texas A & M contends, because Koseoglu had four months to amend his pleadings after it filed its jurisdictional plea, no further opportunity is warranted. Otherwise, Texas A & M argues, suits against governmental entities could be appealed at least twice before final judgment—once to obtain a reversal and remand, and a second time after the remand is ordered.

The court of appeals sided with Koseoglu, concluding "a plaintiff may stand on his pleadings in the face of a plea to the jurisdiction unless and until a court determines that the plea is meritorious." 167 S.W.3d at 383 (citing *County of Cameron*, 80 S.W.3d at 559). Thereafter, the court of appeals held, the plaintiff must be given " 'a reasonable opportunity to amend' his pleadings to attempt to cure the jurisdictional defects found" unless the pleadings are incurably defective. *Id.* (citing *Sykes*, 136 S.W.3d at 639; *Tex. Dep't Of Transp. v. Ramirez*, 74 S.W.3d 864, 867–68 (Tex. 2002)). Thus, the court of appeals concluded, Koseoglu has not been given a reasonable opportunity to amend his pleadings because the trial court never found merit in Texas A & M's jurisdictional plea. *Id.*

▆ On this point, we generally agree with the court of appeals. Texas A & M's proposed rule would essentially allow governmental entities the unjust advantage of being not only a litigant, but also the judge

of the plaintiff's pleadings. We decline to adopt such a rule. Thus, we agree that Koseoglu deserves the opportunity to amend his pleadings if the defects can be cured.

 But Koseoglu's pleading defects cannot be cured, and he has made no suggestion as to how to cure the jurisdictional defect. As is the case with special exceptions, a pleader must be given an opportunity to amend in response to a plea to the jurisdiction only if it is possible to cure the pleading defect. *See Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex.2007) ("Generally, when the trial court sustains special exceptions, it must give the pleader an opportunity to amend the pleading, unless the pleading defect is of a type that amendment cannot cure."). Remanding this case would serve no legitimate purpose because Koseoglu's underlying claim is a breach of contract claim. Merely pleading more facts in support of the breach of contract claim will not overcome Texas A & M's immunity from suit. Koseoglu advances a waiver-by-conduct argument (i.e., that Texas A & M waived its immunity from suit by accepting benefits under its alleged contract with Koseoglu), but we have consistently rejected that position and held that "the State does not waive its immunity from a breach-of-contract action by accepting the benefits of a contract." *Gen. Servs. Comm'n v. Little–Tex Insulation Co.*, 39 S.W.3d 591, 598 (Tex.2001); *see, e.g., Catalina Dev. Co. v. County of El Paso*, 121 S.W.3d 704, 705–06 (Tex.2003); *Travis County v. Pelzel & Assocs., Inc.*, 77 S.W.3d 246, 248 (Tex.2002); *IT–Davy*, 74 S.W.3d at 860; *Federal Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 408 (Tex. 1997). And absent special statutory permission, a party cannot pursue a breach of contract action against the State without first obtaining consent from the Legislature under chapter 107 of the Texas Civil Practice and Remedies Code. *Little–Tex*, 39 S.W.3d at 597 (concluding that "there is but one route to the courthouse for breach-of-contract claims against the State, and that route is through the Legislature."). Accordingly, the court of appeals erred when it concluded Koseoglu, who has not obtained legislative consent to sue, may be able to state a cause of action for which sovereign immunity has been waived and remanded the cause to give Koseoglu an opportunity to amend. *See Miranda*, 133 S.W.3d at 228 (instructing that a plaintiff's suit should be dismissed when either the pleadings alone or the jurisdictional evidence demonstrates that the plaintiff's suit incurably falls outside any waiver of sovereign immunity).

### III. Appellate Jurisdiction Over McLellan's Interlocutory Appeal

 Absent the State's consent to suit, a trial court has no jurisdiction over claims against the State. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638–39 (Tex.1999). Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides such jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). In this case, the court of appeals held it was without jurisdiction to hear McLellan's appeal pursuant to section 51.014(a)(8) of the Texas Civil Practice and Remedies Code. 167 S.W.3d at 379. This question of jurisdiction is a question of law, which we review de novo. *State v. Holland*, 221 S.W.3d 639, 642 (Tex.2007).

 Our sole objective in construing Section 51.014(a)(8) is to give effect to the Legislature's intent. *Monsanto Co. v. Cornerstones Mun. Util. Dist.*, 865 S.W.2d 937, 939 (Tex.1993). In determining the Legislature's intent, we begin by looking to the plain meaning of the statute's

words. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998). Section 51.014(a) contains two provisions that could arguably be relevant to interlocutory appeals of jurisdictional decisions relating to sovereign immunity:

A person may appeal from an interlocutory order of a district court, county court at law, or county court that:

. . . .

(5) denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state;

. . . .

(8) grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001;

. . . .

Section 101.001(3) of the Civil Practice and Remedies Code defines "governmental unit" as:

(A) this state and all the several agencies of government that collectively constitute the government of this state, including other agencies bearing different designations, and all departments, bureaus, boards, commissions, offices, agencies, councils, and courts;

(B) a political subdivision of this state, including any city, county, school district, junior college district, levee improvement district, drainage district, irrigation district, water improvement district, water control and improvement district, water control and preservation district, freshwater supply district, navigation district, conservation and reclamation district, soil conservation district, communication district, public health district, and river authority;

(C) an emergency service organization; and

(D) any other institution, agency, or organ of government the status and authority of which are derived from the Constitution of Texas or from laws passed by the legislature under the constitution.

We strictly construe Section 51.014(a) as "a narrow exception to the general rule that only final judgments are appealable." *Bally Total Fitness Corp. v. Jackson,* 53 S.W.3d 352, 355 (Tex.2001).

Had McLellan filed a motion for summary judgment based on an assertion of official immunity, he clearly would be permitted under Section 51.014(a)(5) to appeal an interlocutory denial of his motion for summary judgment. But McLellan did not file such a motion in the trial court and instead asserts a right under Section 51.014(a)(8) to appeal the trial court's interlocutory denial of his plea to the jurisdiction. While it is clear that the Legislature intended only a few and distinct classes of "persons" to be permitted to bring interlocutory appeals in only a few narrowly drawn situations, there is considerable conflict among the courts of appeals about when state officials qualify to do so. Some courts of appeals have concluded interlocutory review of a plea to the jurisdiction is not available under Section 51.014(a)(8) when state officials are sued in their official capacities because a state official is an individual rather than "a governmental unit." *See, e.g., Castleberry Indep. Sch. Dist. v. Doe,* 35 S.W.3d 777, 780 (Tex. App.-Fort Worth 2001, pet. dism'd w.o.j.); *Dallas County Cmty. Coll. Dist. v. Bolton,* 990 S.W.2d 465, 467 (Tex.App.-Dallas 1999, no pet.); *Univ. of Houston v. Elthon,* 9 S.W.3d 351, 354 (Tex.App.-Houston [14th Dist.] 1999, pet. dism'd w.o.j.). A second group has held all state officials are entitled under Section 51.014(a)(8) to appeal a trial court's interlocutory ruling on a jurisdictional plea because a state official quali-

fies as a "governmental unit" in the sense that he stands in the shoes of the State. *See, e.g., De Mino v. Sheridan,* 176 S.W.3d 359, 365 (Tex.App.-Houston [1st Dist.] 2004, no pet.); *Smith v. Lutz,* 149 S.W.3d 752, 756 (Tex.App.-Austin 2004, no pet.); *Potter County Attorney's Office v. Stars & Stripes Sweepstakes, L.L.C.,* 121 S.W.3d 460, 464 (Tex.App.-Amarillo 2003, no pet.); *Nueces County v. Ferguson,* 97 S.W.3d 205, 214–15 (Tex.App.-Corpus Christi 2002, no pet.). Straddling that split is the court of appeals in this case, which held some state officials, such as a county sheriff, are entitled to appeal a trial court's interlocutory order on a plea to the jurisdiction because their positions are governmental units by virtue of the fact that they are derived from the Texas Constitution. 167 S.W.3d at 377–79 (citing TEX. CONST. art. V, § 23; TEX. GOV'T CODE § 101.001(3)(D)). Those officials who are not so situated must rely instead, under the court's holding, on a motion for summary judgment under Section 51.014(a)(5) because they are considered individuals rather than governmental units. *Id.*

In arguing Section 51.014(a)(8) does not permit state officials to appeal the trial court's denial of his plea to the jurisdiction, Koseoglu contrasts the language of Section 51.014(a)(8) with the language in Section 51.014(a)(5). Whereas Section 51.014(a)(8) permits interlocutory appeals of a trial court's grant or denial of a "plea to the jurisdiction" by a "governmental unit," Section 51.014(a)(5) permits interlocutory appeals of a trial court's denial of a "motion for summary judgment" by an "individual who is an officer or employee of the state or a political subdivision of the state." The Legislature, Koseoglu asserts, should be presumed to have understood the difference between an "individual who is an officer or employee of the state," on the one hand, and "a governmental unit" on the other, when specifying the categories of persons that are permitted to employ the narrow exception to the general rule. Likewise, Koseoglu argues, the Legislature should be presumed to have understood the difference between a "motion for summary judgment" as it is used in Section 51.014(a)(5) and a "plea to the jurisdiction" as it is used in Section 51.014(a)(8).

But Koseoglu's premise that the class of persons to which Section 51.014(a)(8) applies is confined by the term "governmental unit" is incorrect. This becomes clear when one considers which terms or phrases in Section 51.014(a) specify "what" can be appealed and "who" is entitled to pursue an appeal. Koseoglu argues the "what" applicable to Section 51.014(a)(5) is "a motion for summary judgment" and the "who" is "an individual who is an officer or employee of the state." Likewise, he argues the "what" in Section 51.014(a)(8) is "a plea to the jurisdiction" and the "who" is "a governmental unit." We disagree. The text of Section 51.014(a) makes it clear that the "who" applicable to each subsection is the term "person" that appears at the beginning of the statute. There is no indication that the phrases "an individual who is an officer or employee of the state" or "a governmental unit" in Sections 51.014(a)(5) and 51.014(a)(8), respectively, are intended to modify the term "person." Instead, those phrases and others in the various subsections of the statute describe exactly "what" may be appealed from an interlocutory order.

■ For example, Texas A & M and McLellan cite Sections 51.014(a)(5) and 51.014(a)(6) as support for their proposition that only one class of "person" may appeal the orders described in Section 51.014(a). Section 51.014(a)(6) permits a person to appeal from an interlocutory order that:

denies a motion for summary judgment that is based in whole or in part upon a claim against or defense by a member of the electronic or print media, acting in such capacity, or a person whose communication appears in or is published by the electronic or print media, arising under the free speech or free press clause of the First Amendment to the United States Constitution, or Article I, Section 8, of the Texas Constitution, or Chapter 73.

Thus, Section 51.014(a)(6) limits interlocutory appeals to "members of the electronic or print media" in certain instances involving the "free speech or free press clause of the First Amendment to the United States Constitution." It can only be read as allowing appeals by members of the media "or a person whose communication appears in or is published by" the media. No other person would typically have standing to appeal a denial of "a motion for summary judgment that is based in whole or in part upon a claim against or defense by a member of the electronic or print media ... or a person whose communication appears in or is published by the electronic or print media." Similarly, there is no other way to read Section 51.014(a)(5) than to conclude that only an "individual who is an officer or employee of the state or a political subdivision of the state" may appeal an interlocutory order denying a motion for summary judgment. The only other entity that would generally have standing to file such an appeal would be a governmental body, but the words of Section 51.014(a)(5) offer no indication or suggestion that it applies to any entity other than a state official, the only entity which it describes. This stands to reason because an official sued in his individual capacity would assert official immunity as

a defense to personal monetary liability, which is well suited for resolution in a motion for summary judgment. *See City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994) (discussing summary judgment resolution of official immunity considerations such as whether the official acted in bad faith). But an official sued in his official capacity would assert sovereign immunity. To challenge a trial court's jurisdiction on the grounds of sovereign immunity, a party may file a plea to the jurisdiction. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999). Pleas to the jurisdiction asserting sovereign immunity are the subject of Section 51.014(a)(8).

■ Section 51.014(a)(8) differs from Sections 51.014(a)(5) and 51.014(a)(6) because, by its plain language allowing for interlocutory appeals of orders granting or denying pleas to the jurisdiction, it cannot be read as applying solely to a governmental unit, the entity which it describes. Interpreting "governmental unit" to modify the term "persons," as Koseoglu would have us do, would preclude an aggrieved plaintiff, who is plainly not a governmental unit, from bringing an interlocutory appeal to challenge the grant of a jurisdictional plea. This would be inconsistent with the express language of Section 51.014(a)(8). It would be irrational for the Legislature to have intended that a governmental unit be the only "person" who may appeal from an interlocutory order because a governmental unit would have no reason to appeal the grant of a plea to the jurisdiction. For the entire phrase "grants or denies" to be given effect, the statute must allow an appeal to be filed by both a non-governmental plaintiff challenging the grant of a plea to the jurisdiction and a governmental defendant challenging the denial of one.[1]

1. Section 51.014(a) references section 101.001(3) of the Tort Claims Act in articulat-

■ Given that Section 51.014(a)(8) necessarily applies to entities other than governmental units, there is no basis for construing it to exclude state officials. Whereas the Legislature intentionally restricted the application of Sections 51.014(a)(5) and 51.014(a)(6) by allowing interlocutory appeals only from a denial of a motion for summary judgment, Section 51.014(a)(8) is deliberately made more generous in its application. There is no reason to believe the Legislature intended the statute to apply to all parties who ordinarily would have standing to appeal an interlocutory order granting or denying a jurisdictional plea with the sole exception of state officials. First, such an interpretation would not comport with the text of the statute because, just as Section 51.014(a)(8) gives no indication it excludes non-governmental plaintiffs, it also gives no indication it excludes state officials. Second, construing Section 51.014(a)(8) to exclude state officials would draw an artificial distinction between pleas filed by governmental entities and pleas filed by state officials asserting the entities' sovereign immunity from suit, a distinction we believe the Legislature could not have intended. When a state official files a plea to the jurisdiction, the official is invoking the sovereign immunity from suit held by the government itself. It is fundamental that a suit against a state official is merely "another way of pleading an action against the entity of which [the official] is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (quoting *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)); *see also Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 581 (Tex.2001). A suit against a state official in his official capacity "is *not* a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166, 105 S.Ct. 3099 (emphasis in original). Such a suit actually seeks to impose liability against the governmental unit rather than on the individual specifically named and "is, in all respects other than name, ... a suit against the entity." *Id.; see also Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855–56 (Tex.2002).

ing its meaning of the term "governmental unit." Koseoglu contends this reference eliminates all doubt as to whether the Legislature intended individual state officials to be permitted to bring a challenge by way of a plea to the jurisdiction. Government employees are not included in the definition of "governmental unit" under the Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE § 101.001(3) (defining "governmental unit"). Texas A & M, however, argues that under the Tort Claims Act officials sued in their official capacities have been treated by several of the courts of appeals as the equivalent of governmental entities. *See, e.g., Harrison v. Tex. Dep't of Criminal Justice–TDCJID*, No. 07–03–0239–CV, 2005 WL 1397415, at *2 (Tex.App.-Amarillo June 14, 2005, no pet.) (mem.op.); *Tex. State Auditor's Office v. Mora–Nichols*, No. 03–03–00113 -CV, 2003 WL 22453830, at *4 (Tex.App.-Austin Oct.30, 2003, no pet.) (mem.op.); *Madox v. Thomas*, No. 11–02–00042–CV, 2003 WL 21757477, at *2 (Tex. App.-Eastland July 31, 2003, no pet.) (mem. op.); *Klein & Assocs. Political Relations v. Port Arthur Indep. Sch. Dist.*, 92 S.W.3d 889, 896 (Tex.App.-Beaumont 2002, pet. denied); *Univ. of Tex. Med. Branch at Galveston v. Hohman*, 6 S.W.3d 767, 777–78 (Tex.App.-Houston [1st Dist.] 1999, pet. dism'd w.o.j.); *Bates v. Dallas Indep. Sch. Dist.*, 952 S.W.2d 543, 551 (Tex.App.-Dallas 1997, writ denied); *Dear v. City of Irving*, 902 S.W.2d 731, 735 n. 4 (Tex.App.-Austin 1995, writ denied). Because we concluded in *Department of Criminal Justice v. Simons*, 140 S.W.3d 338, 349 (Tex.2004), that the term "governmental unit," as it is used in Section 51.014(a)(8), merely describes the substance of allowable pleas and conclude today that Section 51.014(a)(8)'s use of "governmental unit" does not define the class of persons who can appeal under that section, we need not address the meaning of the term in Section 101.001(3).

Thus, we conclude McLellan's appeal fits squarely into those appeals permitted by Section 51.014(a)(8). Read in whole, the statute provides that "a person," in this instance McLellan, "may appeal from an interlocutory order ... that ... grants or denies a plea to the jurisdiction by a governmental unit," such as Texas A & M, "as that term is defined in Section 101.001." TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8). This construction is supported not only by the plain language of Section 51.014(a), but also by its logical application. A person sued in an official capacity should be able to appeal the denial of a jurisdictional plea in the same way as his employing governmental unit because both defendants' interests in pleading sovereign immunity are identical. We are aware of no sound rationale for distinguishing one from the other.

To the contrary, there are sound reasons to treat the state official sued in his official capacity and his employing governmental entity equally under Section 51.014(a)(8). Construing Section 51.014(a)(8) to exclude state officials sued in their official capacity would make appellate jurisdiction in a case such as this turn on the same kind of technical distinctions about the form of pleadings that we rejected in *Department of Criminal Justice v. Simons,* 140 S.W.3d 338, 349 (Tex.2004). In *Simons,* we held the term "plea to the jurisdiction" in Section 51.014(a)(8) refers to the substance of the immunity argument rather than "to a particular procedural vehicle." *Id.* This case demonstrates the type of inefficiencies that would otherwise result. Here, the court of appeals held it could consider Texas A & M's plea on interlocutory appeal but not McLellan's. 167 S.W.3d at 384. If McLellan were to now go back to the trial court to file a motion for summary judgment based on sovereign immunity, and if his motion were denied, he would then file what would be his second interlocutory appeal in this case seeking substantively identical relief. This situation could be expected to all too often repeat itself in other cases because a trial court's orders on a jurisdictional plea and a motion for summary judgment often occur across too broad a spectrum of time to be appealed as part of the defendant's same interlocutory appeal. *See* TEX. R. APP. P. 26.1(b), 28.1 (requiring a notice of interlocutory appeal to be filed within twenty days of a particular order being challenged). The legislative history of Section 51.014(a) underscores the Legislature's concern with preventing such inefficiency. For example, Section 51.014(a)(8) was designed to reduce litigation expenses for all parties involved in suits against state entities by resolving the question of sovereign immunity prior to suit rather than after a full trial on the merits.[2] These cost savings apply equally regardless of whether the plaintiff chooses to style his petition against a governmental entity or a state official. Likewise, the purpose of the provision was to allow state agencies to more quickly ascertain whether or not a trial court could assert jurisdiction over a dispute. *See* Debate on Tex. S.B. 453 Before the House Comm. on Civil Practices, 75th Leg., R.S. (1997) (statement of Representative Pete Gallego). That concern too is equally justified regardless of whether a plaintiff has chosen to style his petition against a state official or the governmental entity itself.

As may typically occur, an official sued in both his official and individual capacities

---

2. Supporters of the provision believed "incorrect rulings on [jurisdictional pleas] needlessly waste the time of the courts and can cost litigants hundreds of thousands of dollars as they defend cases which should have been dismissed." *See* HOUSE COMM. ON CIVIL PRACTICES, BILL ANALYSIS, Tex. S.B. 453, 75th Leg., R.S. (1997).

can file a plea to the jurisdiction in defense of the official capacity claims against him and at the same time file a motion for summary judgment on official immunity grounds on the individual capacity claims against him. If either is denied, he may immediately appeal under Section 51.014(a)(8) or 51.014(a)(5), whichever applies. In this case, McLellan filed a plea to the jurisdiction in defense of claims against him in his official capacity[3] Accordingly, Section 51.014(a)(8) vests the appellate courts with jurisdiction to hear McLellan's interlocutory appeal.

Alternatively, Koseoglu suggests the availability of interlocutory appeal under Section 51.014(a)(8) turns not on the capacity in which the state official is sued, but on whether the official serves a legislative, judicial, or administrative function. But Koseoglu offers no authority for the proposition that this distinction is relevant to Section 51.014(a)(8), and we are aware of none. Thus, the court of appeals erred in concluding it was without jurisdiction to hear McLellan's appeal.

## IV. Conclusion

With respect to the trial court's denial of Texas A & M's plea to the jurisdiction, we affirm the portion of the court of appeals' judgment holding that Koseoglu's breach of contract claims against Texas A & M were barred by sovereign immunity. But because Koseoglu's pleadings are incurably defective, remanding the cause to the trial court will serve no legitimate purpose. Therefore, we reverse the court of appeals' remand order and dismiss Koseoglu's claims against Texas A & M with prejudice. *See Harris County*

*v. Sykes,* 136 S.W.3d 635, 636 (Tex.2004) (holding that dismissal pursuant to a plea to the jurisdiction based on sovereign immunity is with prejudice). With respect to McLellan's appeal, having examined the plain language of Section 51.014(a)(8), its logical application, and the legislative history, we hold a state official may seek interlocutory appellate review from the denial of a jurisdictional plea. Accordingly, we reverse that portion of the court of appeals' judgment that it was without jurisdiction to decide McLellan's appeal of the trial court's denial of his jurisdictional plea and, under Rule 60.2(c) of the Texas Rules of Appellate Procedure, we render the judgment the court of appeals should have rendered. Like Koseoglu's pleadings against Texas A & M, his pleadings against McLellan were deficient in the sense that he never had an actionable Section 1983 claim. In both instances, Koseoglu deserves the opportunity to amend his pleadings if they can be cured, but in both instances, because Koseoglu's underlying claim is one for breach of contract, the defects cannot be cured. Accordingly, just as we dismissed Koseoglu's claim against Texas A & M with prejudice, we likewise dismiss with prejudice the claim against McLellan in his official capacity.

---

**3.** The parties disagree about whether Koseoglu brought claims against McLellan in his individual capacity. Any such claims are not at issue in this appeal because McLellan's plea to the jurisdiction, whose denial gave rise to this appeal, invoked sovereign immunity only "to the extent [McLellan was] sued in his official capacity." Therefore, any claims against McLellan in his individual capacity remain pending before the trial court. *See, e.g., Smith v. Lutz,* 149 S.W.3d 752, 756 n. 3 (Tex.App.-Austin 2004, no pet.).