**Opinion issued February 14, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-12-00706-CV

———————————————

**LANE-VALENTE INDUSTRIES (NAT'L) INC., Appellant**

**V.**

**LEND LEASE (US) CONSTRUCTION, INC., F/K/A BOVIS LEND LEASE, INC., AND J.P. MORGAN CHASE, N.A., Appellees**

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1062701**

## MEMORANDUM OPINION

Appellant, Lane-Valente Industries (Nat'l) Inc., appeals from the trial court's April 30, 2012 order denying appellant's motion to enforce a settlement agreement. Appellees, Lend Lease (US) Construction, Inc., f/k/a Bovis Lend

Lease, Inc., ("Lend Lease") and J.P. Morgan Chase, N.A. move to dismiss the appeal for lack of jurisdiction, asserting that the order is interlocutory and not appealable. We grant the motion and dismiss the appeal for lack of jurisdiction.

Our jurisdiction is never presumed and is invoked only upon the filing of a notice of appeal from either a final judgment that disposes of all parties and claims or an interlocutory order that the legislature has deemed appealable. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2012) (listing appealable interlocutory orders).

The underlying case concerns sales tax liability in connection with a construction project. The parties attended mediation and executed an "Irrevocable Rule 11 Enforceable Memorandum of Agreement" ("MOA"). Appellant later moved for enforcement of the MOA. In response, appellees asserted that the MOA is not a final agreement, per se, but merely an agreement to execute a final settlement agreement and mutual releases.

On April 30, 2012, the trial court ordered appellant to file a motion to withdraw the MOA and directed the parties to "execute a formal settlement agreement incorporating the terms of the MOA, and containing [certain releases]." On May 8, 2012, appellant moved to "rescind or modify" the order. On May 16, 2012, appellant filed a second motion to enforce the MOA. On June 21, 2012, the

2

trial court denied both motions. On July 26, 2012, appellant filed a "Notice of Appeal From [the] April 30, 2012 Order."[1]

Because the trial court has not signed a final judgment disposing of the parties' claims, the order at issue is interlocutory. *See Lehmann*, 39 S.W.3d at 195. Interlocutory orders may be appealed only if authorized by statute. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007); *Stary v. DeBord*, 967 S.W.3d 352, 352–53 (Tex. 1998). Appellant did not respond to the appellees' motion to dismiss the appeal and therefore has not directed us to any authority, and we have found none, authorizing an interlocutory appeal from an order directing parties to re-execute a settlement agreement. *See e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014.

We do not reach whether appellant's notice of appeal was timely filed because, even if timely filed, an appeal is not authorized.

Accordingly, we grant the appellees' motion and dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Bland, and Massengale.

---

[1] Appellant's petition for writ of mandamus, filed contemporaneously with the appeal, was denied. *In re Lane-Valente Indus. (Nat'l), Inc*., No. 01-12-00685-CV, 2012 WL 5192700, at *1(Tex. App.—Houston [1st Dist.] Oct. 18, 2012, orig. proceeding) (not designated for publication).

3