

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| KAREN SPEASE AND CRAIG SPEASE, | § | No. 08-14-00065-CV |
| Appellants, | § | Appeal from the |
| v. | § | 327th District Court |
| DEPUTY LASARO SALGADO, SHERIFF ARVIN WEST, DISTRICT ATTORNEY JAIME ESPARZA, AND JUDGE KATHLEEN OLIVARES, | § § | of El Paso County, Texas (TC# 2012DCV04960) |
| Appellees. | § | |

**MEMORANDUM OPINION**

This appeal is before the Court on its own motion to determine whether it has jurisdiction of all the parties to this appeal. Finding that we lack jurisdiction to address the appeal from the interlocutory order granting the pleas to the jurisdiction filed by Appellees Salgado, West, and Esparza, we dismiss that portion of the appeal.

Appellants, Karen Spease and Craig Spease, filed suit against several defendants including the Honorable Kathleen Olivares, Judge of the 205th District Court of El Paso County, Texas, Hudspeth County Deputy Sheriff Lasaro Salgado, Hudspeth County Sheriff Arvin West, and 34th District Attorney Jaime Esparza in the 327th District Court of El Paso County, Texas in cause number 2012DCV04960. On November 8, 2013, the trial court entered an order which granted Judge Olivares' motion to dismiss for lack of subject matter jurisdiction and granted

pleas to the jurisdiction filed by Deputy Salgado, Sheriff West, and District Attorney Esparza. The trial court, on January 13, 2014, granted Judge Olivares' motion to sever and it transferred the order dismissing the suit against Judge Olivares into a new cause number, 2014DCV0050.

On February 13, 2014, Appellants filed a single notice of appeal in cause numbers 2012DCV04960 and 2014DCV0050.[1] The notice of appeal asserted that Appellants intended to appeal the trial court's order signed on November 8, 2013. We docketed the appeal as *Karen Spease and Craig Spease v. Deputy Lasaro Salgado, Sheriff Arvin West, District Attorney Jaime Esparza, and Judge Kathleen Olivares* and assigned to it cause number 08-14-00065-CV. Our case management system reflected that the appeal arose out of trial court cause number 2012DCV04960.

Sheriff West and Deputy Salgado filed a letter with the Court asserting that a final judgment has not been entered in cause number 2012DCV04960. They did not file a motion to dismiss, but argued in the letter that the Court does not have jurisdiction to address the order granting their pleas to the jurisdiction. Rather than requiring West and Salgado to file a motion to dismiss, we opted to consider the jurisdictional issues raised by their letter.

Generally, this Court's appellate jurisdiction is limited to reviewing a final judgment or order. *Ogletree v. Matthews*, 262 S.W.3d 316, 319 n.1 (Tex. 2007); *Lehmann v. Har-Con Corporation*, 39 S.W.3d 191, 195 (Tex. 2001); *Cantu Services, Inc. v. United Freedom Associates, Inc.*, 329 S.W.3d 58, 62 (Tex.App.--El Paso 2010, no pet.). We may also review interlocutory orders when authorized by statute. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 51.014 (West Supp. 2013); *Bally Total Fitness Corporation v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001). A judgment is final for purposes of appeal if it disposes of all pending parties and claims. *Lehmann*, 39 S.W.3d at 195.

---

[1] The notice of appeal had both cause numbers at the top of the document.

The record before us reflects that the trial court has not entered a final judgment in cause number 2012DCV04960. The trial court's order granting the pleas to the jurisdiction filed by West, Salgado, and Esparza are interlocutory. The only statute which arguably authorizes an appeal from this interlocutory order is Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(a)(8) (West Supp. 2013) (providing that a person may appeal from an interlocutory order of a district court, county court at law, or county court that grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001); *Texas A & M University System v. Koseoglu*, 233 S.W.3d 835, 844-46 (Tex. 2007)(holding that a "state official sued in his official capacity" may appeal orders denying their pleas to the jurisdiction under section 51.014(a)(8)).

An appeal from an interlocutory order granting a plea to the jurisdiction under Section 51.014(a)(8) is accelerated. *See* TEX.R.APP.P. 28.1(a)(stating an appeal from an interlocutory order, when allowed, is accelerated). Further, the notice of appeal in an accelerated appeal must be filed with the trial court clerk no later than 20 days after the date the trial court signed the interlocutory order. *See* TEX.R.APP.P. 26.1(b). The trial court signed the order granting the pleas to the jurisdiction of West, Salgado, and Esparza on November 8, 2013. Thus, the notice of appeal was due to be filed no later than November 28, 2013. Appellants did not file their notice of appeal until February 13, 2014, more than two months after the due date. Because Appellants did not timely file their notice of appeal, we lack jurisdiction of the appeal from the interlocutory order. Accordingly, we dismiss the portion of the appeal from the November 8, 2013 order granting the pleas to the jurisdiction asserted by Sheriff West, Deputy Salgado, and District Attorney Esparza.

The remaining portion of the appeal involving the order granting Judge Olivares' motion

to dismiss the claims against her will proceed as *Karen Spease and Craig Spease v. The Honorable Kathleen Olivares, Judge of the 205th District Court of El Paso County, Texas* in cause number 08-14-00065-CV, but the information in the Eighth Court of Appeals' case management system (TAMES) will be modified to reflect the trial court cause number as 2014DCV0050. Because we have dismissed only a portion of the appeal, we will not issue a judgment until the remaining portion of the appeal is decided.

GUADALUPE RIVERA, Justice

June 6, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.