ACCEPTED
04-15-00053-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
2/4/2015 6:58:33 PM
KEITH HOTTLE
CLERK

## NO. 04-15-00053-CV

### In the Court of Appeals for the Fourth District San Antonio, Texas

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

2/4/2015 6:58:33 PM

KEITH E. HOTTLE
Clerk

THELMA FRANCO,
*Appellant*

V.

RODERICK J. SANCHEZ, AS DIRECTOR OF
DEVELOPMENT SERVICES FOR THE CITY OF SAN ANTONIO,
THE CITY OF SAN ANTONIO, PLANNED PARENTHOOD SOUTH TEXAS, AND
DELANTERO INVESTORS, LTD.,
*Appellees*

On Appeal from the 288th Judicial District Court of Bexar County, Texas
(Cause No. 2015-CI-00039)

## APPELLANT'S OPPOSED MOTION FOR TEMPORARY STAY AGAINST RODERICK SANCHEZ AND THE CITY OF SAN ANTONIO FROM ISSUING A CERTIFICATE OF OCCUPANCY

DENNIS J. DROUILLARD
State Bar No. 00793641
Riverview Towers
111 Soledad, Suite 339
San Antonio, Texas 78205
Telephone: (210) 299-7680
Facsimile: (210) 299-7780
E-mail: DennisDrouillard@aol.com

COUNSEL FOR APPELLANT

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Comes now Appellant, Thelma Franco, and files this Opposed Motion for Temporary Stay Against Roderick Sanchez and the City of San Antonio from Issuing a Certificate of Occupancy and requesting a stay of the issuance of a Certificate of Occupancy pending resolution of this interlocutory appeal, and in support thereof would respectfully show this Court the following:

## I. Request

Mrs. Franco seeks a temporary stay to stop the City of San Antonio and Mr. Sanchez from issuing a Certificate of Occupancy for the location at 2140 Babcock Road. The effect of this request is to preserve this Court's jurisdiction to review the trial court's denial of the temporary injunction Mrs. Franco sought.

Without such a stay, the City and Mr. Sanchez could issue a Certificate of Occupancy that results in changed circumstances that obviates the need for an interlocutory review of the trial court's decision. Such a changed circumstance would deprive this Court of jurisdiction.

## II. Introduction

The underlying dispute in the trial court centers upon Mrs. Franco's efforts to obtain relief because of the City's[1] refusal[2] to grant her an administrative

---

[1] Mrs. Franco sued both the City of San Antonio and Mr. Roderick J. Sanchez, in his *official capacity*. Mr. Sanchez was sued because he was the official against whom mandamus was sought. Regardless, suit against a governmental official in his *official capacity* is the same as

2

hearing wherein she sought to appeal to the City's Board of Adjustment a zoning decision[3] by one of the City's administrative officials regarding the location of 2140 Babcock Road.

The underlying record—including the Reporter's Record of January 28, 2015—will more fully demonstrate the zoning concerns alleged.

In general, Mrs. Franco alleged that the location under construction is to be operated by Planned Parenthood South Texas as an ambulatory surgical center to conduct thousands of abortions per year. Planned Parenthood has admitted that the location is intended as more than a neighborhood center but is intended as a regional center to service South and West Texas.

Mrs. Franco alleged in the trial court that the location is designated within a C-1 zoning district but that under the City's Unified Development Code (UDC) an ambulatory surgical center of such intense commercial use should only be within a C-2 or C-3 zoning district. The record from below is expected to show that the

---

suit against the governmental entity. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007) (citing to decisions regarding claims under 42 U.S.C. § 1983 in *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) and *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 581 (Tex. 2001)). Additionally, the City has not disavowed the action and inaction of Mr. Sanchez. Therefore, Mrs. Franco may characterize the action of Mr. Sanchez as being that of the City.

[2] *Refusal* is a benign word considering that the Reporter's Record is expected to reflect testimony indicating that the City did not even retain or file the administrative appeal.

[3] Despite Mrs. Franco's position, the City essentially contests in the trial court that the subject action constitutes an administrative decision by an official that is subject to appeal under either the City's Unified Development Code (UDC) (which is the City's municipal zoning law) or TEX. LOC. GOV'T CODE § 211.010.

location sits next to Mrs. Franco's subdivision known as Dreamhill Estates and that even during current construction the intensity of vehicular traffic has increased substantially within the subdivision.

On January 2, 2015—the same afternoon that the City refused the administrative appeal—Mrs. Franco filed suit in state district court seeking a writ of mandamus against Mr. Sanchez and the City whereby she sought a judicial order directing the acceptance and filing of the administrative appeal. In the suit, she alleged that Mr. Sanchez and the City either refused to perform a ministerial act or abused their discretion.

On January 7, 2015, Mrs. Franco filed a supplemental petition in the trial court during which she sought a temporary restraining order and a temporary injunction against both Mr. Sanchez and the City to enjoin the issuance of several municipal approvals, including a Certificate of Occupancy for the location.

On January 14, 2015, Mr. Sanchez and the City entered into an agreed temporary restraining order with Mrs. Franco.

On January 28, 2015, the trial court conducted a hearing on the issue of a temporary injunction and issued a letter ruling on January 29, 2015 wherein the trial court denied the request for temporary injunction.

### III. Some of the Zoning Law Impacting the Case

The City's UDC at Section 35-401(d) reads:

> **Certificates of Occupancy.**
>
> (1) **Requirement.** Except as provided in subsection (2) below, all uses, including nonconforming uses, <u>shall obtain a certificate of occupancy as required by the International Building Code</u>.
>
> (2) **Exceptions.** The following shall not require certificates of occupancy:
>
> • Home occupations subject to section 35-378
>
> (3) **Records.** The director of development services shall maintain a record of all certificates of occupancy and copies shall be furnished, upon request, to any person having a proprietary or tenancy interest in the property affected.
>
> (Ord. No. 98697 § 4) (Ord. No. 2010-11-18-0985, § 2, 11-18-10) (emphasis is contained in original text; underlining added)

From the above quotation, the City adopted and incorporated the International Building Code (IBC) as applied to a Certificate of Occupancy at UDC § 35-401(d)(1). The pertinent section of the IBC reads:

**R110.1 Use and occupancy.**

No building or structure shall be used or occupied, and no change in the existing occupancy classification of a building or structure or portion thereof shall be made until the *building official* has issued a certificate of occupancy therefor as provided herein. Issuance of a certificate of occupancy shall not be construed as an approval of a violation of the provisions of this code or of other ordinances of the *jurisdiction.* Certificates presuming to give authority to violate or cancel the provisions of this code or other ordinances of the *jurisdiction* shall not be valid.

**Exceptions:**

1. Certificates of occupancy are not required for work exempt from permits under Section R105.2.

2. Accessory buildings or structures.

INT'L CODE COUNCIL, 2012 INT'L BUILDING CODE § R110.1 (Jun. 2011) (italics in original).

Based upon IBC § R110.1, it is clear that the location at 2140 Babcock Road cannot open without the City's issuance of a Certificate of Occupancy. Since testimony below indicated an anticipated opening of the location to be on or about March 1, 2015, and since one would expect some time to seek and obtain a Certificate of Occupancy, the City may issue such a certificate at any time. Regardless, based upon testimony below, it is likely that changed circumstances may result and this Court lose jurisdiction over the interlocutory matter by March 1, 2015 unless a stay is issued.

6

## IV. Basis for Request

Pursuant to TEX. R. APP. P. 29.3, the Court is authorized to issue temporary relief to protect the position of Mrs. Franco thereby ensuring that this Court does not lose jurisdiction over a review of the interlocutory matter.

Additionally, under TEX. LOC. GOV'T CODE § 211.010(c), the Legislature granted an automatic statutory stay when an administrative appeal is taken to the municipality's Board of Adjustment. That section reads:

> An appeal[4] stays all proceedings in furtherance of the action that is appealed unless the official from whom the appeal is taken certifies in writing to the board facts supporting the official's opinion that a stay would cause imminent peril to life or property. In that case the proceedings may be stayed only by a restraining order granted by the board or a court of record on application, after notice to the official, if due cause is shown.

TEX. LOC. GOV'T CODE § 211.010(c).

Reading that legislative stay makes clear that the presumption is for a stay. The City seems to have gotten around that automatic stay by refusing to accept and set the appeal which counsel for Mrs. Franco attempted to file on January 2, 2015.

---

[4] Tex. Loc. Gov't Code § 211.010(a) makes clear that this appeal is referencing an administrative appeal to the Board of Adjustment.

7

Mrs. Franco seeks to protect her position in a review of the interlocutory matter. Had her administrative appeal been pending, she would have enjoyed the automatic statutory stay under the Local Government Code.

**CONCLUSION AND PRAYER**

Based upon the foregoing, Mrs. Franco seeks temporary relief staying the City and Mr. Sanchez from issuing a Certificate of Occupancy for the location of 2140 Babcock Road until this appeal is concluded. Mrs. Franco seeks any other relief to which she may be justly entitled.

Respectfully submitted,

*Dennis J. Drouillard*
_____
DENNIS J. DROUILLARD
State Bar No. 00793641

Law Office of Dennis Drouillard
Riverview Towers
111 Soledad, Suite 339
San Antonio, Texas 78205
Telephone: (210) 299-7680
Facsimile: (210) 299-7780

ATTORNEY FOR PLAINTIFF,
THELMA FRANCO

## CERTIFICATE OF COMPLIANCE

Though TEX. R. APP. P. 52.10(a) pertains to original proceedings, in an abundance of caution, the undersigned certifies that counsel for all Appellees were notified in an e-mail on February 3, 2015 that this motion was to be filed. The undersigned further certifies that this motion will be e-filed to all parties as a means to give expedited notice under TEX. R. APP. P. 52.10(a).

*Dennis J. Drouillard*

_____
Dennis J. Drouillard
Attorney for Appellant


## CERTIFICATE OF CONFERENCE

The undersigned certifies that he provided expedited notice as indicated above and that though he has not received an affirmative notice from Appellees' respective counsel that they intend to oppose this motion, he has received a Motion to Dismiss the appeal from Appellee Sanchez. Though the undersigned has yet to read the full Motion to Dismiss, Sanchez' motion makes it safe to represent that at least one Appellee opposes this motion for temporary relief.

*Dennis J. Drouillard*

_____
Dennis J. Drouillard
Attorney for Appellant

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing motion was delivered to following in accordance with the Texas Rules of Appellate Procedure by the method indicated on February 4, 2015:

Counsel for Appellee Roderick Sanchez, As Director of Development Services for the City of San Antonio:

    Mr. Shawn Fitzpatrick
    FITZPATRICK & KOSANOVICH, P.C.
    Post Office Box 831121
    San Antonio, Texas 78283-1121
    **Via E-file to skf@fitzkoslaw.com**

Counsel for Appellee City of San Antonio:

    Ms. Deborah Lynne Klein
    Assistant City Attorney
    OFFICE OF THE CITY ATTORNEY FOR THE
      CITY OF SAN ANTONIO
    Litigation Division
    111 Soledad, Tenth Floor
    San Antonio, Texas 78205
    **Via E-file to Deborah.Klein@sanantonio.gov**

Counsel for Appellee Planned Parenthood South Texas:

    Mr. Mark G. Sessions
    STRASBURGER & PRICE, LLP
    2301 Broadway
    San Antonio, TX 78215-1157
    **Via E-file to Mark.Sessions@strasburger.com**

## CERTIFICATE OF SERVICE

Counsel for Appellee Delantero Investors, Ltd.

    Mr. Merritt Clements
    STRASBURGER & PRICE, LLP
    2301 Broadway Street
    San Antonio, TX 75215
    **Via E-file to Merritt.Clements@strasburger.com**

Signed on February 4, 2015.

*Dennis J. Drouillard*

_____

Dennis J. Drouillard
Attorney for Appellant

# VERIFICATION

STATE OF TEXAS                     §
                                   §
COUNTY OF BEXAR                     §

BEFORE ME, the undersigned Notary Public, on this day appeared a person known to me personally as Dennis J. Drouillard, who after being by me duly sworn upon his oath deposed and said that he is an attorney of record for Appellant; that he is authorized to make this Verification on behalf of Appellant; that he read the above Appellant's Opposed Motion for Temporary Stay Against Roderick Sanchez and the City of San Antonio from Issuing a Certificate of Occupancy; and that the verifiable facts as stated in the foregoing Motion are within his personal knowledge and are true and correct.

_Dennis J. Drouillard_ (signature)

_____
Dennis J. Drouillard

SUBSCRIBED AND SWORN TO BEFORE me on this 4th day of February 2015, to certify which witness my hand and official seal.

_____
Notary Public, State of Texas

JUAN PABLO AGUILERA
My Commission Expires
September 15, 2016

12