**Opinion filed March 25, 2021**



## In The

# Eleventh Court of Appeals

_____

### No. 11-21-00032-CV

_____

## WILLIAM SCOTT FEAGAN, AS INDEPENDENT EXECUTOR OF THE ESTATE OF PATTY LOU FEAGAN, DECEASED, ET AL., Appellants

### V.

## PATRICIA DIANNE WILSON AND STEPHEN WYNNE FEAGAN, JR., Appellees

**On Appeal from the 259th District Court**

**Jones County, Texas**

**Trial Court Cause No. 023710**

### MEMORANDUM OPINION

Appellants[1] have filed in this court a petition for permissive appeal of an interlocutory order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (West

---

[1]Petitioners/Appellants are William Scott Feagan, as independent executor of the Estate of Patty Lou Feagan, deceased; William Scott Feagan, as co-trustee of the Charles Bruce Feagan Trust; William Scott Feagan, as successor administrator with will annexed of the Estate of Elmer Clyde Feagan, Jr., deceased; William Scott Feagan, individually; and Charles Bruce Feagan, individually.

Supp. 2020); Tex. R. App. P. 28.3; Tex. R. Civ. P. 168. Appellants seek to appeal an order granting a motion for partial summary judgment. In that order, the trial court granted permission for Appellants to seek an interlocutory appeal in this court, and Appellants timely filed a petition in this court. Respondents/Appellees Patricia Dianne Wilson, Stephen Wynne Feagan, Jr., and Feagan Brothers Partnership have filed a response in which they request that we deny the petition. Because we conclude that the trial court's order granting permission to file a permissive appeal is defective, we deny the petition.

This court has jurisdiction over an interlocutory appeal only as explicitly provided for by statute. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). The statute relevant to this appeal is Section 51.014(d) of the Civil Practice and Remedies Code. Section 51.014(d) authorizes a trial court in a civil action to permit an appeal from an order that is not otherwise appealable if "(1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation." Civ. Prac. & Rem. § 51.014(d); *see also* Tex. R. App. P. 28.3(e)(4) (petition must "argue clearly and concisely" why the order to be appealed involves a controlling question of law and how an immediate appeal will materially advance the litigation's termination).

If a trial court authorizes an appeal pursuant to Section 51.014(d), the parties must follow the procedures outlined in Rule 28.3 of the Texas Rules of Appellate Procedure to file a petition in a court of appeals. When those procedures have been followed and the order complies with Section 51.014(d) and with Rule 168 of the Texas Rules of Civil Procedure, a court of appeals has discretion to grant or deny the petition. *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 731–32 (Tex. 2019). However, if the trial court's order does not meet the

2

requirements set out in the controlling statute and rules, this court should not grant the petition for permissive appeal.

Rule 168 of the Texas Rules of Civil Procedure requires that the trial court's "permission *must identify the controlling question of law* as to which there is a substantial ground for difference of opinion, *and must state why an immediate appeal may materially advance the ultimate termination of the litigation*." TEX. R. CIV. P. 168 (emphasis added). The order here merely states that "the Plaintiffs are granted permission to seek interlocutory appeal of this Order, including the court's substantive ruling that res judicata bars parts of Plaintiffs' claims." Thus, the trial court's order does not comply with the requirements of Rule 168. It does not identify the controlling question of law as to which there is a substantial ground for difference of opinion, and it does not state why an immediate appeal will materially advance the ultimate termination of the litigation. *See Patel v. Nations Renovations, LLC*, No. 02-21-00031-CV, 2021 WL 832719, at *1 (Tex. App.—Fort Worth Mar. 4, 2021, no pet. h.) (mem. op.) (denying petition for permissive appeal because order did not comply with Rule 168); *Scarborough v. City of Houston*, No. 01-16-00302-CV, 2017 WL 117329, at *1 (Tex. App.—Houston [1st Dist.] Jan. 12, 2017, no pet.) (per curiam) (mem. op.) (same); *Long v. State*, No. 03-12-00437-CV, 2012 WL 3055510, at *1 (Tex. App.—Austin July 25, 2012, no pet.) (mem. op.) (same).

Because the order from which Appellants seek permission to appeal does not identify the controlling question of law as to which there is a substantial ground for difference of opinion and state why an immediate appeal will materially advance the ultimate termination of the litigation, we deny Appellants' petition for permissive appeal. This opinion is not to be read to express any opinion regarding the substantive merits of Appellants' petition, nor does this opinion prohibit Appellants from obtaining an amended order that complies with Rule 168 and filing another petition for permissive appeal in this court.

Appellants' petition for permissive appeal is denied.


W. BRUCE WILLIAMS

JUSTICE


March 25, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.