**Opinion filed January 22, 2026**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-25-00247-CV & 11-25-00350-CV

_____

## MATTHEW CODAY AND OIL & GAS WORKERS ASSOCIATION, INC., Appellants

## V.

## WALLACE DUNN; TISHA CROW, INDIVIDUALLY AND D/B/A CROW INSURANCE AGENCY; AND KRIS CROW, INDIVIDUALLY AND D/B/A CROW INSURANCE AGENCY, Appellees

**On Appeal from the 358th District Court**
**Ector County, Texas**
**Trial Court Cause No. D24081005CV**

## M E M O R A N D U M   O P I N I O N

These appeals arise from the trial court's orders in the same trial court cause number granting Appellees' motions to dismiss claims and counterclaims asserted by Appellants, Matthew Coday and O&G Workers Association, Inc. (OGWA), pursuant to the Texas Citizens Participation Act (TCPA). *See* TEX. CIV. PRAC. &

REM. CODE ANN. §§ 27.001–.011 (West 2020). We dismiss the appeals for want of jurisdiction.

In the case below, Appellee Wallace Dunn sued Coday and OGWA for defamation. Appellants' counsel filed an answer on behalf of both defendants. Counsel then asserted counterclaims on behalf of Coday for "First Amendment Retaliation," slander, defamation, libel, and negligent misrepresentation. Dunn filed a motion to dismiss the counterclaims against him pursuant to the TCPA, which the trial court granted. *See* CIV. PRAC. & REM. §§ 27.003, 27.009. The appeal of this order bears our cause number 11-25-00247-CV.

Prior to the trial court's order, counsel filed a third-party petition against Appellees Tisha Crow and Kris Crow, both individually and d/b/a Crow Insurance Agency (the Crows),[1] asserting claims for retaliation, slander, defamation, conspiracy, tortious interference, and breach of fiduciary duty. The Crows also filed a TCPA motion to dismiss the claims against them in this third-party petition, which the trial court granted. Appellants' counsel filed a subsequent notice of appeal from the trial court's subsequent order. The appeal of this order bears our cause number 11-25-00350-CV.

Unless specifically authorized by statute, appeals may be taken only from final judgments. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex. 2007); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). While a trial court's interlocutory order *denying* a party's TCPA motion to dismiss is immediately appealable, a trial court's order *granting* such a motion is not appealable until the trial court signs its final judgment in the case. *See* CIV. PRAC. & REM. § 51.014(a)(12) (authorizing an interlocutory appeal from the trial court's denial of a TCPA motion to dismiss); *First Sabrepoint Cap. Mgmt., L.P. v. Farmland Partners*

---

[1]Counsel previously filed a third-party petition against several other defendants; however, those claims were dismissed by agreement and with prejudice prior to Dunn's TCPA motion.

*Inc.*, 712 S.W.3d 75, 84 n.6 (Tex. 2025) ("While the TCPA permits an interlocutory appeal from the *denial* of a motion to dismiss, there is no provision for an interlocutory appeal from the *granting* of such a motion.") (internal citation omitted); *Koseoglu*, 233 S.W.3d at 841 (Statutes permitting interlocutory appeals must be strictly construed as narrow exceptions to the general rule that only final judgments are appealable.). In this regard, an order or judgment becomes final when it (1) disposes of all parties and claims before the trial court or (2) "includes unequivocal finality language that expressly disposes of all claims and parties." *Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d 816, 820 (Tex. 2024) (citing *Lehmann*, 39 S.W.3d at 200). The trial court did not include finality language in either order. *Lehmann*, 39 S.W.3d at 192–93.

Because this affects our jurisdiction, we requested a response from the parties regarding whether parties and claims remained pending in the case below. In the appeal with Dunn, Appellants' counsel responds that his "counterclaim was *de facto* [TCPA-]type conduct" and that, therefore, "[t]he granting of the motion to dismiss acts, *de facto*, as denial of remedies that would be encompassed within the [TCPA]." But he confirms that, [a]s matters stand, the primary case is pending and is at its infancy." In the appeal against the Crows, Appellants' counsel asserts that the case is "independent of the case between [Dunn] and Coday," and therefore "comes within the 'Final Judgment' Rule." In each of their responses, Dunn and the Crows confirm that claims and parties remain pending, and they each assert that the respective appeals should be dismissed for want of jurisdiction.

Based on the record and the responses in this cause, it appears that Dunn's claims against Coday and OGWA remain pending in the case below and that the trial court's orders do not include express (or implied) finality language. Therefore, neither of the trial court's orders constitute a final judgment. Because neither of the

trial court's orders resulted in a final judgment and the orders are not independently appealable, we are without jurisdiction to consider them. *See First Sabrepoint*, 712 S.W.3d at 84 n.6; *Lehmann*, 39 S.W.3d 192–93. Therefore, we must dismiss the appeals. *See* TEX. R. APP. P. 42.3(a).

We dismiss these appeals for want of jurisdiction.


JOHN M. BAILEY
CHIEF JUSTICE


January 22, 2026

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

4