Dismissed and Memorandum
Opinion filed August 13, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00600-CV

_______________

 

GORDON KAHRE, Appellant

 

V.

 

MICHAEL P. MARTZ, INLINE DEVELOPMENT CORPORATION,
INLINE UTILITIES, L.L.C., SUGARBERRY PLACE PHASE II, LTD., MMRM, LTD., ONE
MARTZ, L.L.C., ABN AMRO MORTGAGE GROUP, INC., AMWEST FINANCIAL, and MONOPOLY
APPRAISALS, Appellees

 

On Appeal from the 113rd District Court

Harris County, Texas

Trial Court Cause No. 2006-81510

 

 

M E M O R A N D U M    O P I N I O N

Appellant Gordon Kahre appeals from a judgment entered
against him on his claims against six of the nine defendants he sued in trial
court cause number 2006-81510.  Because the order he appeals is neither a final
judgment disposing of all parties and claims nor an order for which
interlocutory review is authorized, we dismiss the appeal for want of
jurisdiction.








I.  Factual and Procedural Background

This case is one of several claims originally filed as part
of Cause Number 2005-44301.  The original cause was severed into several cases,
including the instant case, Kahre v. Martz, Cause No. 2006-81510, in
which appellant Gordon Kahre sued defendants (1) Michael P. Martz,
(2) Inline Development Corporation, (3) Inline Utilities, L.L.C.,
(4) Sugarberry Place Phase II, Ltd., (5) MMRM, Ltd., (6) One
Martz, L.L.C., (7) ABN Amro Mortgage Group, Inc., (8) Amwest Financial,
and (9) Monopoly Appraisals.  On April 25, 2008, the trial court signed a
judgment entitled AFinal Judgment,@  in which the trial court recited
that counsel for Kahre and for six defendantsCMichael Martz, Inline Development
Corp., Inline Utilities, L.L.C., Sugarberry Place Phase II, Ltd., MMRM, Ltd.,
and One Martz, L.L.C.Cappeared for trial on April 15, 2008.  The trial court
further recited that when the case was called for trial, counsel for Kahre
announced that he was not ready to try the case, and counsel for the defendants
announced ready.  The trial court concluded the order by stating, APlaintiff having submitted no
evidence, upon motion of Defendants, it is ORDERED, ADJUDGED AND DECREED by the
Court that Plaintiff take nothing and that Defendants go hence without day
[sic] and recover their costs.@  Significantly, there is no mention in the judgment of
defendants ABN Amro Mortgage Group, Inc., Amwest Financial, or Monopoly
Appraisals, although it is apparent from the record that at least one of these
defendants appeared in the case.[1] 

Kahre filed a motion for new trial, to which the six
defendants named in the judgment responded.  The trial court denied the motion,
and Kahre brought this appeal in which he argues that the trial court
improperly set this case and another case at the same time in violation of
various state, local, and administrative rules of procedure.  But because we
lack jurisdiction over this appeal, we do not reach the issue presented.








II.  Analysis

With certain narrow exceptions inapplicable here,[2]
only final judgments are appealable.  Tex. A & M Univ. Sys. v. Koseoglu,
233 S.W.3d 835, 841 (Tex. 2007).  A final judgment is one that disposes of all
pending claims and parties, except as necessary to carry out the decree.  Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  The order at issue in
this case does not purport to dispose of all parties and all claims, and the
record before us confirms that claims remain pending against parties who were
not named in the order.  

III.  Conclusion

We conclude that the trial court=s order, although entitled a Afinal judgment,@ is a non-appealable interlocutory
order, and we accordingly dismiss this appeal for want of jurisdiction.

 

 

 

/s/        Eva M. Guzman

Justice

 

Panel
consists of Justices Anderson, Guzman, and Boyce. 

 

 









[1]  Specifically, the record contains motions for
summary judgment and for severance filed by ABN Amro Mortgage Group, Inc., but
no orders granting either motion. 





[2]  See Tex.
Civ. Prac. & Rem. Code Ann. '
51.014 (Vernon 2008) (authorizing interlocutory appeal of specific orders).