Opinion issued November 4, 2010


















In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00569-CV




GEFFREY KLEIN, M.D., Appellant

V.

CYNTHIA HERNANDEZ, AS NEXT FRIEND OF N.H., A MINOR, Appellee




On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Cause No. 2003-49449




O P I N I O N
          In this interlocutory appeal,


 appellant, Geffrey Klein, M.D., challenges the
trial court’s order denying his motion for summary judgment on the health care
liability claims made against him by appellee, Cynthia Hernandez,


 as next friend of
N.H., a minor.


 Following a remand from the Texas Supreme Court, Klein contends
that his affirmative defense of official immunity bars appellee’s claims of negligence.          We affirm.
Background
          Hernandez sued Dr. Klein, alleging negligence during the delivery of her
daughter, N.H., at Ben Taub General Hospital. Ben Taub is “a part of the Harris
County Hospital District, a political subdivision of the State.” See Klein v.
Hernandez, 315 S.W.3d 1, 2 (Tex. 2010) (citing Tex. Health & Safety Code Ann.
§ 281.002(a) (Vernon 2010) and Tex. Const. art. IX, § 4)). At the time of N.H.’s
delivery, Klein was practicing at Ben Taub as a resident physician with the Baylor
College of Medicine, a “supported medical school” that “has contracts with the Texas
Higher Education Coordinating Board and receives state funding specifically
allocated for training physicians who provide medical care at public hospitals such
as Ben Taub.” Id. (citing Tex. Health & Safety Code Ann. § 312.002(6) (Vernon
2010)).
          Baylor and Dr. Klein jointly filed a motion to dismiss for lack of jurisdiction
and a motion for summary judgment, asserting that they were entitled to immunity
from suit and liability under sections 312.006 and 312.007 of the Texas Health and
Safety Code. See id. (citing Tex. Health & Safety Code Ann. §§ 312.006, 312.007
(Vernon 2010)).


 Baylor and Klein subsequently filed numerous supplements to these
motions in which they consistently asserted immunity from both suit and liability
under chapter 312. Hernandez responded to these motions, and eventually non-suited
her claim against Baylor. Id. Despite the non-suit, the trial court denied the motions
as to both Baylor and Klein, and both Baylor and Klein appealed the trial court’s
orders to our Court.
          On April 17, 2008, we dismissed the appeals of both Baylor and Klein. See
Klein v. Hernandez, 260 S.W.3d 1 (Tex. App.—Houston [1st Dist.] 2008), rev’d,
Klein, 315 S.W.3d 1 (Tex. 2010). After concluding that Klein was not an “officer or
employee of the state” and that Baylor was not a “governmental unit,” we held that
we lacked jurisdiction to consider Klein’s or Baylor’s interlocutory appeals under
either section 51.014(a)(5) or 51.014(a)(8) of the Texas Civil Practice and Remedies
Code. Id. at 7–11; Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5) (Vernon 2008)
(authorizing interlocutory appeal from denial of motion for summary judgment based
on assertion of immunity by “an individual who is an officer or employee of the
state”); id. § 51.014(a)(8) (Vernon 2008) (authorizing interlocutory appeal from grant
or denial of plea to jurisdiction by “a governmental unit”). We also concluded that
chapter 312 did not confer sovereign immunity and section 312.007(a) did “not confer
upon Dr. Klein the immunity from liability enjoyed by an employee of a state
agency,” i.e., official immunity from any claims made by Hernandez against him in
his individual capacity. Id. at 8, 10. We emphasized that “[h]ad the Legislature
intended for those similarly situated to Dr. Klein to enjoy the right to an interlocutory
appeal in circumstances such as those presented here, it could have expressly
provided that right.” Id. at 10. We further noted that although Klein and Baylor had,
in a few instances, used the term “official immunity” in their trial court motions,
Klein had “made no effort to establish the elements of such a defense.”


 Klein, 260
S.W.3d at 10, n.18 (citing Telthorster v. Tennell, 92 S.W.3d 457, 461 (Tex. 2002)). 
          The Texas Supreme Court affirmed in part and reversed in part. Klein, 315
S.W.3d 1. In regard to Baylor, the court affirmed our dismissal of Baylor’s appeal,
but did so apparently on the ground that Hernandez’s filing of the non-suit had
mooted any live controversy between the parties. Id. at 3–4. Although the court
stated that it did not necessarily agree with our reasoning in regard to Baylor, its
opinion reveals that, had it directly reached the issue, it would have disagreed with
our conclusion that Baylor is not a “governmental unit” specifically entitled to bring
an interlocutory appeal. See id. at 3–8.
          The supreme court concluded that chapter 312 makes Baylor a “‘governmental
unit of state government’ and a ‘state agency’ for certain purposes, including its
services at Ben Taub” and also “makes Klein a state employee for” those same
purposes, including his resident physician services at Ben Taub. Id. at 8 (citing Tex.
Health & Safety Code Ann. §§ 312.006(a), 312.007(a)). The court further
concluded that, by enacting chapter 312, the Legislature intended “to treat Baylor like
other governmental entities providing services at public hospitals, extending the same
protection and benefits to Baylor and its residents who work at these hospitals.” Id. 
Thus, in regard to Dr. Klein, the supreme court held that, “[a]s an employee of a state
agency, complaining about the denial of his motion for summary judgment based on
an assertion of immunity, Klein [is] entitled to bring this interlocutory appeal like any
other state employee, and the court of appeals erred in holding otherwise.” Id. The
supreme court reversed our dismissal of Klein’s appeal and remanded to our Court
for a consideration of the merits. Id.
          In determining that Klein is entitled to bring an interlocutory appeal, and that
we had erred in dismissing his appeal, the supreme court more broadly discussed the
immunity afforded under sections 312.006 and 312.007.


 In construing these
sections, the court noted that the bill analysis “recited the intent to” “equaliz[e]
liability” by establishing “that liability of units, schools, and entities engaged in
cooperative or coordinated activities and services is the same as state government
liability for a governmental unit of state government.” Id. at 6 (citing Senate Comm.
on Health and Human Services, Bill Analysis, S.B. 1062, 70th Leg., R.S. (1987)).
          In commenting on Baylor’s liability and immunity, the court stated,
          [W]e construe “the extent” and “the maximum amount” of
liability as referencing separate subjects. Thus, a supported medical
school is not liable, except (1) to the extent of liability of state
government for the acts and omissions of a governmental unit of state
government under the Tort Claims Act, and (2) up to the maximum
amount of liability of state government under Section 101.023(a) of the
Act. Section 312.006(b) confirms this reading, stating that “[t]he
limitation on liability provided by this section applies regardless of
whether” the supported medical school “is a ‘governmental unit’ as
defined by section 101.001, Civil Practice and Remedies Code.” Id. §
312.006(b). Thus, a supported medical school does not need to be a
governmental unit—like UT Medical Branch—to be entitled to
immunity; the Health and Safety Code bestows such status by its own
terms.
 
Id. at 8 (emphasis added). 
          Thus, although the supreme court’s actual holding was limited to confirming
Klein’s right to bring an interlocutory appeal, the supreme court’s opinion stands for
the broader proposition that Chapter 312 affords a supported medical school, like
Baylor, immunity from suit and liability and also affords residents providing
physician services at those supported medical schools, like Dr. Klein, immunity from
suit and liability, to the extent the claims at issue are made against them in their
official capacity.



Standard of Review
          Summary judgment is proper only when a movant establishes that there is no
genuine issue of material fact and that it is entitled to judgment as a matter of law. 
See Tex. R. Civ. P. 166a(c); Randall’s Food Mkts., Inc. v. Johnson, 891 S.W.2d 640,
644 (Tex. 1995). A defendant is entitled to summary judgment if the evidence
disproves, as a matter of law, at least one element of each of the plaintiff’s causes of
action or if it conclusively establishes all elements of an affirmative defense. 
Johnson, 891 S.W.2d at 644.
Official Immunity
          In his sole issue on remand, Dr. Klein argues that the trial court erred in
denying his summary judgment motion because his affirmative defense of official
immunity bars Hernandez’s claims. 
          As discussed above, the primary dispute originally presented by the parties in
their briefing to this Court concerned whether chapter 312 conferred upon Baylor and
Dr. Klein (presumably for claims made against him in his official capacity) immunity
from suit and liability, i.e., sovereign immunity. The supreme court, in reversing in
part, explained that chapter 312 affords Baylor and Klein (for official capacity claims)
immunity from suit and liability, thus resolving the primary dispute presented in this
case.


 Klein, 315 S.W.3d at 8. The court also indicated that a medical resident, like
Dr. Klein, may seek to establish his immunity from liability, i.e., official immunity,
and the supreme court remanded to us, for a “consideration of the merits,” Klein’s
complaint “about the denial of his motion for summary judgment based on [his]
assertion of immunity.” Id. at 8.
          In our original opinion, we concluded that Dr. Klein had made no effort to
establish the elements of official immunity. Klein, 260 S.W.3d at 10, n.18.


 Our
conclusion was based on the fact that, in the trial court, Klein and Baylor did not refer
to official immunity in the original summary judgment motion and Klein’s and
Baylor’s primary argument in all of their motions was that chapter 312 afforded them
immunity from suit and liability. Although Klein, in a supplemental motion, referred
to “official immunity” covering “all claims and theories” and “official immunity
afforded by the statutes,” he, in his fourth supplemental motion for summary
judgment and motion to dismiss for lack of jurisdiction, suggested that the precise
terminology was unimportant, stating,


 “Whether the immunity imparted by said
statutes is described as ‘official immunity,’ ‘sovereign immunity,’ or ‘immunity’ is
of no consequence as the legal grounds for immunity sought are the same in both
Defendants’ motions.” (Emphasis added.) In this remand, the Texas Supreme Court
has directed us to address the merits of Klein’s immunity defense.       
           A suit against a governmental employee in his individual capacity “seeks to
impose personal liability on the employee for actions taken under color of state law.”
Tex. Bay Cherry Hill, L.P. v. City of Fort Worth, 257 S.W.3d 379, 400 (Tex.
App.—Fort Worth 2008, no pet.). “[A]n official sued in his individual capacity
would assert official immunity as a defense to personal monetary liability, which is
well suited for resolution in a motion for summary judgment.” Tex. A & M Univ. Sys.
v. Koseoglu, 233 S.W.3d 835, 843 (Tex. 2007). Generally, official immunity protects
public officials from suit arising from performance of their (1) discretionary duties
(2) in good faith (3) within the scope of their authority. Ballantyne v. Champion
Builders, Inc., 144 S.W.3d 417, 422 (Tex. 2004). In the context of government-employed medical personnel, the Texas Supreme Court has explained that “official
immunity protects government-employed medical personnel against claims that arise
out of their exercise of governmental, as opposed to medical, discretion.” Id. (citing
Kassen v. Hatley, 887 S.W.2d 4, 11 (Tex. 1994)); see also Williams v. Nealon, 199
S.W.3d 462, 466 n.3 (Tex. App.—Houston [1st Dist.] 2006, pet. filed) (stating that
“state-employed doctor or nurse may have official immunity from claims arising out
of the exercise of governmental discretion, but is not immune from common-law tort
liability arising from the exercise of medical discretion”). 
          In determining whether government-employed medical personnel exercised
medical or governmental discretion, “[c]ourts should look at the character of the
discretion exercised in each instance.” Kassen, 887 S.W.2d at 11. For example, often
times, “government doctors and nurses must decide how to allocate a scarce pool of
state resources among possible recipients.” Id. at 10. The “good faith performance”
of these types of “governmental responsibilities should not be subject to
second-guessing in the courtroom,” and the performance of such responsibilities
would support a defense of official immunity. Id. In contrast, in the course of the
medical treatment of a patient, if a government “doctor or nurse does not perform a
medical procedure with the level of care and skill of an ordinarily prudent health-care
provider, a patient injured as a result should not suffer without compensation for the
sole reason that the doctor or nurse is a government employee.”


 Id.; see also
Mussemann v. Villarreal, 178 S.W.3d 319, 324–25 (Tex. App.—Houston [14th Dist.]
2005, pet. denied). Thus, the traditional discretion exercised by a doctor in the course
of the medical treatment of his patients generally would not support a defense of
official immunity. 
           In his summary judgment motion, Dr. Klein did not argue that Hernandez’s
health care liability claims against him arise out of his exercise of governmental
rather than medical discretion.


 See Kassen, 887 S.W.2d at 11. Rather, Hernandez’s
pleadings, the summary judgment motions and responses, and the limited evidence
contained in the record reflect that Hernandez’s allegations against Klein arise from
his alleged negligence in his medical treatment provided to her and N.H. See id. 
Based upon the record before us, we conclude that Hernandez’s claims arise out of
Klein’s medical discretion, not governmental discretion. See id. Thus, Klein has not
established as a matter of law his affirmative defense of official immunity to the
claims asserted by Hernandez against him in his individual capacity. Accordingly,
we hold that the trial court did not err in denying Klein’s summary judgment motion,
to the extent that he raised the affirmative defense of official immunity to claims
brought against him in his individual capacity.
          We overrule Klein’s official immunity issue.
 
 
 
 
Conclusion
          We affirm the order of the trial court denying Dr. Klein’s summary judgment
motion.


 
 
 
Terry Jennings
Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Alcala.