

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00354-CV

**SONNY WILSON,**

Appellant

 **v.**

**TDCJ-ID,**

Appellee

**From the 278th District Court
Walker County, Texas
Trial Court No. 23,819**

## MEMORANDUM OPINION

Sonny Wilson, an inmate, filed a lawsuit against the Texas Department of Criminal Justice, Correctional Institutions Division for the alleged loss and destruction of some of his personal property. The trial court granted TDCJ's plea to the jurisdiction, and Wilson appealed. We affirm.

### PLEA TO THE JURISDICTION

In his first issue, Wilson contends that the trial court erred in granting TDCJ's plea to the jurisdiction. Specifically, he argues that because he raised claims under the Texas and United States Constitutions and the Texas Government Code, not just the

Texas Tort Claims Act, granting the plea to the jurisdiction was improper. He also argues that the State has waived immunity under the Texas Tort Claims Act for property taken from inmates.

Generally, the State of Texas has sovereign immunity from suit unless waived by the Legislature. *State v. Shumake*, 199 S.W.3d 279, 283 (Tex. 2006); *Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 594 (Tex. 2001). Immunity from suit defeats a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-226 (Tex. 2004). Under the Texas Tort Claims Act, as it pertains to this case, a governmental unit in the state is liable for property damage proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment *if* the property damage arises from the operation or use of a motor-driven vehicle or motor-driven equipment and the employee would be personally liable to the claimant according to Texas law. TEX. CIV. PRAC. & REM. CODE ANN. § 101.0021 (Vernon 2005).

Wilson specifically alleged in his original petition and in his first supplemental petition that his claim arose under the Texas Tort Claims Act. Wilson did not allege any claim under the Texas or United States Constitutions nor did he allege any claim under the Texas Government Code. Further, Wilson did not allege that his property damage arose out of the use of a motor vehicle or motor driven equipment. Thus, the Texas Tort Claims Act does not waive immunity for Wilson's claim. Because immunity was not waived, the trial court did not err in granting TDCJ's plea to the jurisdiction. Wilson's first issue is overruled.

**AMEND PLEADINGS**

In his second issue, Wilson argues that he should have been allowed to amend his pleadings. A pleader must be given an opportunity to amend in response to a plea to the jurisdiction only if it is possible to cure the pleading defect. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). However, a plaintiff's suit should be dismissed when either the pleadings alone or the jurisdictional evidence demonstrates that the plaintiff's suit incurably falls outside any waiver of sovereign immunity. *Id*. Here, Wilson's pleadings alone demonstrate that his suit incurably falls outside any waiver of sovereign immunity. Accordingly, the trial court did not err in failing to allow Wilson to amend his pleadings, and Wilson's second issue is overruled.

**UNDUE PREJUDICE**

In his fourth issue, Wilson contends that he was possibly subjected to undue prejudice by the trial court. Specifically, Wilson complains that he had no opportunity to organize his documents during argument in the trial court, and was not allowed to respond after TDCJ's argument. He also complains that the order granting the plea to the jurisdiction reflects that the trial court considered the plea to the jurisdiction. Wilson believes that that recitation means that the court did not consider *his* pleadings. Further, Wilson complains that a smiley face made out of exclamation marks on a printed docket sheet, which is not in the record before us, indicates the trial court was happy to close Wilson's case.

Wilson has not presented any case authority which would suggest that these instances subjected him to undue prejudice. TEX. R. APP. P. 38.1(i). Accordingly, this

issue is improperly briefed and presents nothing for review.  *Id.* 33.1.  Wilson's fourth issue is overruled.

**CONCLUSION**

Because the trial court granted TDCJ's plea to the jurisdiction and not its motion to dismiss pursuant to Chapter 14 of the Civil Practice and Remedies Code, we need not address Wilson's third issue about the propriety of such a dismissal.

Having overruled each issue properly before us and necessary for a resolution of this appeal, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed December 8, 2010
[CV06]