# NO. 12-11-00119-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RICHARD JAMES JOHNSON,*<br>*APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *ALBERT J. CHARANZA, JR,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Appellant Richard James Johnson, appearing pro se, attempts to appeal the trial court's order granting the "Motion to Dismiss, Plea to the Jurisdiction and Motion for Summary Judgment" filed by Appellee Albert J. Charanza, Jr. We dismiss the appeal.

As a general rule, an appeal may be taken only from a final judgment. ***Lehmann v. Har-Con Corp.***, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record. ***Id***. Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides such jurisdiction. ***Tex. A & M Univ. Sys. v. Koseoglu***, 233 S.W.3d 835, 840 (Tex. 2007).

Here, Richard James Johnson sued five individuals, including Albert J. Charanza, Jr. Charanza filed a "Motion to Dismiss, Plea to the Jurisdiction and Motion for Summary Judgment," which the trial court granted. Johnson filed a notice of appeal. However, the trial court's order does not purport to dispose of all pending parties and claims. Accordingly, this court notified Johnson on May 10, 2011, that there is no final judgment or other appealable order referred to in the notice of appeal. Johnson was notified further that the appeal would be dismissed unless the information was amended on or before June 10, 2011, to show the jurisdiction of this court.

1

On May 31, 2011, Johnson filed a "Notice of Appeal[,] Motion for Extension of Time[, and] Motion to Amend." In this document, Johnson requests that this court accept jurisdiction of his appeal because the trial court did not give him timely notice of its dismissal of his claims against Charanza. However, he did not provide any information to show that the judgment he seeks to appeal, the trial court's dismissal of his claims against Charanza, is a final judgment. In other words, from the information furnished in this appeal, it appears that Johnson's claims against the other defendants are still pending and no severance order has been signed. Therefore, the judgment in favor of Charanza is interlocutory, and no statute confers jurisdiction of Johnson's appeal to this court. Accordingly, Johnson's "Notice of Appeal[,] Motion for Extension of Time[, and Motion to Amend" is overruled, and the appeal is *dismissed for want of jurisdiction.*

Opinion delivered June 15, 2011.
*Panel consisted of Worthen, C.J., Griffith, and Hoyle, J.*

(PUBLISH)

2