Opinion filed June 25, 2015



## In The

# Eleventh Court of Appeals

_____

## No. 11-15-00122-CV

_____

## PATRIOT OIL COMPANY, Appellant
## V.
## ROY L. BELL, ATTORNEY AT LAW, Appellee

**On Appeal from the 441st District Court**
**Midland County, Texas**
**Trial Court Cause No. CV50826**

### MEMORANDUM OPINION

Frank J. Holdampf d/b/a Patriot Oil Company, Appellant, filed a pro se notice of appeal in this cause on May 22, 2015. In the notice of appeal, Appellant purports to appeal from three interlocutory orders entered by the trial court: (1) an order granting a motion to transfer venue to Ector County, which the trial court actually signed on June 3, 2015; (2) an order denying by inaction Appellant's motion to quash an ex parte order; and (3) an order granting protective relief and quashing the deposition of Roy L. Bell, which Appellant asserts was entered ex parte on April 17, 2015. We notified Appellant by letter dated June 5, 2015,

that it did not appear to this court that a final, appealable order had been entered by the trial court, and we requested that Appellant file a response showing grounds to continue this appeal. Appellant filed a response in which Appellant asks that this appeal be continued in the "*Interest of Justice*" and under the "*Substantial Right Doctrine*." Appellant also asserts in the response that the trial judge is biased, that the change of venue aids and abets Bell's forum shopping, and that Ector County is an improper venue as a matter of law. Appellant has not shown grounds upon which this interlocutory appeal may continue.

"No interlocutory appeal shall lie" from a trial court's determination of a motion to transfer venue. TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(a) (West 2002); *accord* TEX. R. CIV. P. 87. We note that venue questions may be addressed in an appeal from a trial on the merits or, in appropriate circumstances, in an original mandamus proceeding. CIV. PRAC. & REM. §§ 15.064(b), 15.0642. Furthermore, Appellant may not challenge by interlocutory appeal the order granting Bell's request for protective relief and quashing his deposition. Unless specifically authorized by statute, appeals may be taken only from final judgments. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex. 2007); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001). Because an interlocutory appeal is not authorized in this case and because a final, appealable order has not been entered, we lack jurisdiction and dismiss this appeal. *See* TEX. R. APP. P. 42.3.

Accordingly, the appeal is dismissed for want of jurisdiction.

PER CURIAM

June 25, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.