**Dismissed and Memorandum Opinion Filed June 28, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00710-CV

---

**L. D. WALKER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1040236**

---

## M E M O R A N D U M    O P I N I O N

In this condemnation case concerning a partial taking, both sides objected to the special commissioners' damage determination. In the trial court, the State filed a "Motion to Exclude Noncompensable Remainder Testimony," which the trial court treated as a plea to the jurisdiction and granted. A landowner's representative filed this interlocutory appeal pursuant to Texas Civil Practice and Remedies Code section 51.014(a)(8) (West Supp. 2017) (permitting an interlocutory appeal of the

grant or denial of a governmental unit's plea to the jurisdiction). Because the State's motion to exclude testimony did not raise an issue that can be jurisdictional, the appeal does not come within the scope of the statute. We accordingly dismiss the appeal for want of jurisdiction.

## I. BACKGROUND

L. D. Walker, a trustee, is the representative of one of the owners of an 11.2508-acre tract along a frontage road near the interchange of I-45 and Grand Parkway in Spring, Texas.[1] The State petitioned to condemn a 0.865-acre portion of the tract to construct an elevated ramp connecting the two roadways, and the special commissioners assessed the owners' collective damages at $5,635,841.00. Walker and the State objected to the special commissioners' assessment of damages, and the case was set for trial before Harris County Civil Court at Law No. 4.

Many months before trial, the State filed a "Motion to Exclude Noncompensable Remainder Testimony." In the motion, the State asked the trial court to exclude the testimony of Walker's experts who opined that after the taking, the remainder would no longer be suitable for mixed use and that its highest and best use instead would be light industrial. The State also sought to exclude expert valuation testimony based on that revised use. According to the State, Walker's experts contended that the change in the property's use after the taking was due to (a) loss of frontage-road proximity, (b) adjacency to an elevated direct connector, (c) access issues, and (d) project uncertainty. The State argued that these are really non-compensable issues of visibility, circuity of travel, and diminished market perception.

---

[1] The other owners—Lillie Ruth Waters, Spring Auto Sales, LLC, Groundworks of Palm Beach County, Inc., and 5J Paintball, LLC—are not parties to this appeal.

The trial court did not rule on the motion, and shortly before trial, the State filed a motion for the trial court to reconsider making a ruling. On the last business day before trial was to begin, the trial granted the motion. Walker immediately moved for a continuance, and although the record contains no ruling on the motion, the trial did not begin as scheduled.

Nine days after its ruling on the State's motion to exclude testimony, the trial court rendered a different ruling on the motion. The trial court wrote, "After considering the pleadings, the motion, any evidence, and arguments of counsel, the Court is of the opinion that the State's motion was in essence a plea to the jurisdiction, and the Court considered the motion as if it were a plea to the jurisdiction." The court stated "that all of [Walker's] remainder damages opinions are based on non-compensable damages as a matter of law, and that the Court does not have jurisdiction to hear evidence of such remainder damages opinions because they are non-compensable under Texas law." The trial concluded, "It is therefore ORDERED: The State's Motion to Exclude Non-compensable Remainder Testimony was considered as a plea to the jurisdiction, and said plea to the jurisdiction is GRANTED." Despite the ruling, no part of the case was dismissed.

Walker appealed pursuant to Texas Civil Practice and Remedies Code section 51.014(a)(8), but argued in his first issue that the State had failed to raise a jurisdictional issue. In a conditional second issue, Walker argued that if the availability of the damages he sought were jurisdictional, then the trial court erred in concluding that the damages were non-compensable as a matter of law. Because Walker's first issue is dispositive, we do not reach his second issue.

## II. JURISDICTION

Whether we have jurisdiction over an appeal is a question of law which we review de novo. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex.

3

2007).  An appeal generally is available only from a final order; however, the legislature may by statute grant us jurisdiction to hear an interlocutory appeal.  *See id.*  Texas Civil Practice and Remedies Code section 51.014 is such a statute.  As "a narrow exception to the general rule that only final judgments are appealable," we strictly construe section 51.014.  *Id.* (quoting *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001)).

Section 51.014(a)(8) grants us jurisdiction over an interlocutory appeal from the grant or denial of a governmental unit's plea to the jurisdiction, but whether a document is a plea to the jurisdiction is determined by its substance.  *Tex. Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004).  If the document does not raise an issue that can be jurisdictional, then it is not a plea to the jurisdiction and the ruling does not fall within the scope of section 51.014(a)(8).  *Id.*

The State's motion to exclude testimony does not purport to raise a jurisdictional issue.  Nevertheless, the State would have us agree with the trial court's decision to construe the motion to exclude testimony as a plea to the jurisdiction because "[a] claim for non-compensable damages is *analogous* to an invalid inverse-condemnation claim," and there is no waiver of sovereign immunity from an inverse-condemnation suit for non-compensable damages.[2]  But a condemnation claim and an inverse-condemnation claim do not resemble each other procedurally or jurisdictionally.

The Texas Constitution waives the State's immunity for condemnation claims and inverse-condemnation claims,[3] but a condemnation claim is brought by the State, a governmental entity, or another entity having the power of eminent domain.

---

[2] Appellee's Br. at 10 (emphasis added).

[3] *See* TEX. CONST. art. I, § 17.

4

Inverse condemnation, on the other hand, is "a cause of action against a governmental defendant to recover the value of property which has been taken in fact by the governmental defendant, even though no formal exercise of the power of eminent domain has been attempted by the taking agency." *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 476 (Tex. 2012) (quoting *United States v. Clarke*, 445 U.S. 253, 257, 100 S. Ct. 1127, 63 L. Ed. 2d 373 (1980)). This is a crucial distinction for jurisdictional purposes because the State generally has sovereign immunity from suit and from liability for damages. *Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 594 (Tex. 2001). A person asserting an inverse-condemnation claim against the State is therefore required to allege facts affirmatively demonstrating that the claim comes within a waiver of sovereign immunity. *See Thornton v. Ne. Harris Cty. MUD 1*, 477 S.W.3d, 32–33 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). There is no such requirement in a condemnation case because it is the State itself that has invoked the trial court's jurisdiction. And here, the only claim that has been raised is the State's condemnation claim. It is undisputed that the State is condemning a portion of a tract of land for which Walker represents one of the landowners, and that the State must compensate the landowners for the taking. The damage, if any, to the remainder of the tract is merely part of the condemnation damages.

The State's motion to exclude testimony did not challenge the trial court's jurisdiction over the State's condemnation claim; the State's motion sought only to exclude the testimony of Walker's experts on the ground that they allegedly relied on impermissible factors in determining the use and value of the remainder of the property after the partial taking. But, a complaint about an expert's methodology is a complaint about the relevance and reliability of the expert's evidence. *See City of San Antonio v. Pollock*, 284 S.W.3d 809, 817 (Tex. 2009) ("When the expert's

underlying methodology is challenged, the court necessarily looks beyond what the expert said to evaluate the reliability of the expert's opinion."); *see also TXI Transp. Co. v. Hughes*, 306 S.W.3d 230, 234 (Tex. 2010) ("[E]xpert testimony based on an unreliable foundation or flawed methodology is unreliable and does not satisfy Rule 702's relevancy requirement."). Thus, in a partial-condemnation case, a complaint that an expert formed an opinion in reliance on factors that the expert is barred from considering is a complaint about the relevance and reliability of the expert's testimony. *See, e.g.*, *Enbridge Pipelines (E. Tex.) L.P. v. Avinger Timber, LLC*, 386 S.W.3d 256, 262–64 (Tex. 2012) (expert's testimony that considered value to the taker was irrelevant and unreliable); *Exxon Pipeline Co. v. Zwahr*, 88 S.W.3d 623, 629–30 (Tex. 2002) (expert's testimony regarding the damage to the remainder from a partial condemnation was irrelevant and unreliable where the expert's opinion impermissibly included project enhancement).

A second problem with the State's analogy is that it treats damages to the remainder as distinct from damages for the portion condemned. But, the amount owed by the State is a single issue, as is shown by the Texas Supreme Court's repeated endorsement of two alternative methods for arriving at the total damages, one of which does not require a separate calculation of damages to the remainder. The landowner may choose to present evidence by using the method that "measures damages by the fair market value of the part taken plus damages to the remainder caused by the condemnation." *State v. Petropoulos*, 346 S.W.3d 525, 530 (Tex. 2011) (citing *Westgate, Ltd. v. State*, 843 S.W.2d 448, 456 (Tex. 1992) (sub. op on denial of reh'g)). But the landowner is equally free to instead "measure[] damages by the difference between the market value of the entire tract before the taking and

the market value of the remainder after the taking." *Id.*[4] Whichever method is used, and regardless of whether a landowner seeks compensable or non-compensable damages—a matter on which we express no opinion—Harris County Civil Court at Law No. 4 has jurisdiction over the State's condemnation claim.[5]

We sustain Walker's first issue.

### III. CONCLUSION

Because the State's motion to exclude testimony did not raise an issue that can be jurisdictional, the motion cannot be considered a plea to the jurisdiction. We therefore lack jurisdiction over this attempted interlocutory appeal.

We dismiss the appeal without addressing Walker's remaining issue.

/s/      Tracy Christopher
Justice

Panel consists of Justices Boyce, Christopher, and Busby.

---

[4] The Texas Supreme Court further counseled that "[w]here the parties disagree about the value of the part taken as well as whether the partial taking *caused* the remainder's post-taking value to differ from its pre-taking value, the trial court should charge the jury using broad-form questions and incorporate the causation issue." *Petropoulos*, 346 S.W.3d at 531. If, on the other hand, the parties dispute whether the alleged damages to the remainder are compensable, the parties are free to segregate damages for the loss of a portion of the property from damages to the remainder. *See, e.g.*, *State v. Dawmar Partners, Ltd.*, 267 S.W.3d 875, 881 (Tex. 2008) (per curiam).

[5] *See* Act of May 15, 1989, 71st Leg., R.S., ch. 445, § 1, 1989 TEX. GEN. LAWS 1606, 1606 ("A county civil court at law has exclusive jurisdiction in Harris County of eminent domain proceedings, both statutory and inverse, regardless of the amount in controversy.") (amended 1989, 1991, 2011, and 2015) (current version at TEX. GOV'T CODE § 25.1032(c)). The State's petition was filed before the statute was amended to set an upper limit to the Harris County civil courts at law's exclusive jurisdiction over condemnation cases. *See* Act of May 19, 2015, 84th Leg., R.S., ch. 462, §§ 2, 3 (making the change in the law effective only to an eminent-domain proceeding for which a petition was filed on or after September 1, 2015).