

NUMBER 13-18-00206-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ROBERT MARTINEZ,                                   **Appellant,**

**v.**

TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, ET AL.,                         **Appellees.**

On appeal from the 156th District Court
of Bee County, Texas.

# MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa**
**Memorandum Opinion by Justice Contreras**

Appellant, Robert Martinez, proceeding pro se, attempted to perfect an appeal from an order entered by the 156th District Court of Bee County, Texas in cause number B-17-1507-CV-B. Martinez thereafter filed a motion to abate the appeal and a separate motion for extension of time or abatement because, inter alia, he had not been provided

sufficient time to access the prison library to prepare his brief and he required the transcript for a hearing where the trial court "acknowledge[d] this case. . . is a supplemental case to B-17-1357-CV-B."

This Court requested that the appellees file a response to Martinez's motions to abate. This Court received an amicus response from the Office of the Attorney General (OAG). The OAG asserts that Martinez attempted to file a "supplemental petition" in cause number B-17-1357-CV-B; however, the court clerk mistakenly construed it as a new petition and filed it in a separate, new cause number, B-17-1507-CV-B. The OAG thereafter filed a motion to dismiss in B-17-1507-CV-B, and the trial court granted its motion to dismiss the case. Martinez subsequently filed this appeal of the trial court's ruling in B-17-1507-CV-B.

Upon further proceedings in the trial court in the original cause number, B-17-1357-CV-B, Martinez brought the confusion regarding his attempted supplemental filling and the inadvertent opening of the new case in B-17-1507-CV-B to the trial court's attention. The trial court included Martinez's supplemental petition in the case file for B-17-1357-CV-B, gave the defendants an opportunity to respond to the supplemental petition, and informed the parties that B-17-1507-CV-B "would become a dead file."

The OAG asserts that Martinez asks for unnecessary relief in this appeal. It argues that:

> The trial court has already made the determination that the "supplemental" complaint that is the basis of this lawsuit should be, and has since been, incorporated into 1357 to be adjudicated. Because the trial court has incorporated the complaint at issue into 1357 and killed the case as it pertains to 1507, any issues that might properly be raised by this appeal are moot.

2

Generally, appeals may be taken only from final judgments. *See City of Watauga v. Gordon*, 434 S.W.3d 586, 588 (Tex. 2014); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Appellate courts have jurisdiction to consider appeals of interlocutory orders only if a statute explicitly provides for such an appeal. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007); *see City of Watauga*, 434 S.W.3d at 588; *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).

The Court, having considered appellant's motions to abate, the OAG's response, and the documents on file, is of the opinion that the appeal should be dismissed for want of jurisdiction. The matters subject to appeal here have been withdrawn and incorporated into B-17-1357-CV-B, which is currently pending in the trial court. In short, the matters on file here do not include a final judgment subject to appeal or a ruling subject to an interlocutory appeal authorized by statute. *See City of Watauga*, 434 S.W.3d at 588. Accordingly, we deny Martinez's motion to abate and motion for extension of time or abatement, and we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a),(c). All relief not granted here is denied.

DORI CONTRERAS
Justice

Delivered and filed the
17th day of July, 2018.

3