**Order filed May 5, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00087-CV

_____

### DEBRA CARTER, Appellant

### V.

### AGAMERICA LENDING, LLC; AGAMERICA AV1, LLC; RICHARD H. HESTER; KELLY GODDARD; DAVID GARVIN; MICHELLE SCHWARTZ; FOLEY & LARDNER LLP, Appellees

**On Appeal from the 220th District Court**
**Comanche County, Texas**
**Trial Court Cause No. CV16321**

## O R D E R

Appellant, Debra Carter, filed a notice of appeal from two interlocutory orders entered by the trial court: an order denying Carter's request for permanent injunctive relief and an order denying Carter's request to set aside the foreclosure sale and

cancel the trustee's deed. When the appeal was docketed in this court, we sent a letter to the parties to express this court's concern that a final appealable order had not yet been entered. In response to this court's letter, Appellant filed in this court a motion for leave to appeal the interim rulings of the trial court. In her motion, Appellant complains of various rulings by the trial court, of the lack of discovery, of the trial court's sua sponte setting of a hearing, and of the violation of Carter's right to a fair trial. Appellant also acknowledges that the trial court's orders are "preliminary" and "premature."

Unless specifically authorized by statute, appeals may be taken only from final judgments. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex. 2007); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final and appealable if it disposes of all parties and all claims in the case. *Lehmann*, 39 S.W.3d at 195. The orders that Carter attempts to appeal do not state that they are final or appealable orders, nor do they actually dispose of all issues and all parties.

Carter asserts that the orders are "absolutely and immediately appealable" because the trial court is forcing her to trial without a chance to prepare or present her case in chief. She cites *In re Allied Chemical Corp.*, 227 S.W.3d 652, 658 (Tex. 2007), in support of her contention. We disagree with Carter's contention that *Allied Chemical* controls. First, *Allied Chemical* was an original mandamus proceeding, not an interlocutory appeal, and second, it involved discovery in a mass tort case.

Consequently, we deny Carter's Motion for Leave to File an Appeal of Interim Rulings, and we abate the appeal—pursuant to Rule 27.2 of the Texas Rules of Appellate Procedure—to permit the parties to obtain a final order or judgment. If a final, appealable order or judgment has not been entered by July 19, 2022, we may

dismiss this appeal. *See* Tex. R. App. P. 42.3. If a final judgment is entered before that date, the parties are ordered to notify this court immediately.

The appeal is abated.

PER CURIAM

May 5, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.