**Opinion filed July 28, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00087-CV

_____

## DEBRA CARTER, Appellant

## V.

## AGAMERICA LENDING, LLC; AGAMERICA AV1, LLC; RICHARD H. HESTER; KELLY GODDARD; DAVID GARVIN; MICHELLE SCHWARTZ; FOLEY & LARDNER LLP, Appellees

**On Appeal from the 220th District Court**

**Comanche County, Texas**

**Trial Court Cause No. CV16321**

## M E M O R A N D U M   O P I N I O N

Appellant, Debra Carter, filed a notice of appeal from two interlocutory orders entered by the trial court: an order denying Carter's request for permanent injunctive relief and an order denying Carter's request to set aside the foreclosure sale and cancel the trustee's deed. When the appeal was docketed in this court, we sent a letter to the parties to express this court's concern that a final appealable order had

not yet been entered. In response to this court's letter, Appellant acknowledged that the trial court's orders were "preliminary" and "premature."

We then abated this appeal pursuant to Rule 27.2 of the Texas Rules of Appellate Procedure to permit the trial court to enter a final order or judgment over which this court has jurisdiction. In the May 5, 2022 abatement order, we informed the parties: "If a final, appealable order or judgment has not been entered by July 19, 2022, we may dismiss this appeal." *See* TEX. R. APP. P. 42.3. Because a final, appealable order has not yet been entered, we dismiss this appeal.

Unless specifically authorized by statute, appeals may be taken only from final judgments. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex. 2007); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final and appealable if it disposes of all parties and all claims in the case. *Lehmann*, 39 S.W.3d at 195. The orders that Carter attempts to appeal do not state that they are final or appealable orders, nor do they actually dispose of all issues and all parties. Because all parties and all claims have not been disposed of and because Carter has not obtained a final, appealable judgment as directed by this court in the May 5 abatement order, we now reinstate the appeal and dismiss it for want of jurisdiction.

This appeal is dismissed for want of jurisdiction.

PER CURIAM

July 28, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.