**Order filed December 1, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00299-CV

_____

### GLEN D. AARON, II, Appellant

### V.

### FLATLAND SIDECAR, LLC, et al., Appellees

**On Appeal from the 118th District Court**
**Glasscock County, Texas**
**Trial Court Cause No. DC-1988-CV**

### O R D E R

Appellant, Glen D. Aaron, II, filed a pro se notice of appeal from the trial court's October 19, 2022 Order Denying Glen D. Aaron, II's Motions for Rehearing and Reconsideration and the trial court's March 25, 2022 Order Regarding Certain Motions for Summary Judgment. After this appeal was docketed, we informed Appellant that it did not appear that the orders from which Appellant attempted to appeal were final and appealable, and we requested that Appellant provide this court with a response showing grounds to continue this appeal. *See* TEX. R. APP. P. 42.3.

In response, Appellant paid the filing fee and amended his notice of appeal. However, he has not addressed this court's concerns regarding the lack of finality of the trial court's orders. We note that we previously dismissed an attempted appeal from the March 25, 2022 order after determining that it was not final and appealable. *See Aaron v. Flatland Sidecar, LLC*, No. 11-22-00120-CV, 2022 WL 2070329 (Tex. App.—Eastland June 9, 2022, no pet.) (mem. op.). Because it still does not appear that all claims and all parties have been disposed of in the trial court or that a final, appealable order has been obtained via severance, we have determined that an abatement is appropriate at this time. *See* TEX. R. APP. P. 27.2.

Unless specifically authorized by statute, appeals may be taken only from final judgments. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex. 2007); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final and appealable if it disposes of all parties and all claims in the case. *Lehmann*, 39 S.W.3d at 195. The orders that Appellant attempts to appeal do not state that they are final or appealable orders, nor do they actually dispose of all issues and all parties.

Consequently, we abate this appeal—pursuant to Rule 27.2 of the Texas Rules of Appellate Procedure—to permit the parties to obtain a final, appealable order or judgment. If a final, appealable order or judgment has not been entered by February 14, 2023, we may dismiss this appeal. *See* TEX. R. APP. P. 42.3. If a final judgment is entered before that date, the parties are ordered to notify this court immediately.

The appeal is abated.

December 1, 2022                                        PER CURIAM

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.