**REVERSED AND RENDERED and Opinion Filed August 29, 2024**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00325-CV**

**STATE OF TEXAS, GOVERNOR GREG ABBOTT, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF TEXAS, AND JANE NELSON, IN HER OFFICIAL CAPACITY AS SECRETARY OF STATE,** Appellants
**V.**
**KERESA RICHARDSON, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-06669-2022**

## MEMORANDUM OPINION

Before Justices Reichek, Carlyle, and Miskel
Opinion by Justice Carlyle

Appellee Keresa Richardson sued appellants the State of Texas, Governor Greg Abbott in his official capacity, and Secretary of State Jane Nelson in her official capacity alleging entitlement to judicial reapportionment of Texas' appellate districts. The trial court denied appellants' plea to the jurisdiction and they argue the trial court erred when it did so based on sovereign immunity and standing. We reverse and render judgment in their favor.

Richardson's petition is not a model of clarity, but it is clear she seeks only injunctive and declarative relief, basing her claims around two theories: vote dilution as a white woman voter who cannot effectively vote for a winning candidate of her choice and the Texas Supreme Court's docket equalization scheme used to balance caseloads among Texas intermediate appellate courts. Under the aegis of 42 U.S.C. § 1983, she claims violations of the Equal Protection and Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution. She seeks a declaratory judgment and attorney's fees for the same federal constitutional claims and also for violations of the equal protection and due course of law provisions of the Texas Constitution found in article I, §§ 3, 19. Finally, she raises a claim under section 2 of the Voting Rights Act, 52 U.S.C. § 10101, *et seq.* In response, appellants filed a plea to the jurisdiction that challenges Richardson's pleading and the existence of jurisdictional facts.

We review a ruling on a plea to the jurisdiction de novo as it is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004). When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case, liberally construing the pleadings in the plaintiff's favor and looking to the pleader's intent. *Id*. When the pleadings affirmatively negate the existence of jurisdiction, a court can grant—or reverse the denial of—a plea to the jurisdiction without allowing plaintiff an opportunity to amend the pleadings. *Id.* at 227.

"Governmental immunity generally protects municipalities and other state subdivisions from suit unless the immunity has been waived by the constitution or state law." *City of Watauga v. Gordon*, 434 S.W.3d 586, 589 (Tex. 2014). A party suing the governmental unit bears the burden of affirmatively showing waiver of immunity. *See Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). When, as here, the plea to the jurisdiction challenges the pleadings, we decide whether plaintiff's allegations demonstrate the trial court's jurisdiction over any pleaded causes of action. *See Miranda*, 133 S.W.3d at 226. This jurisdictional inquiry "touches the merits," because courts lack jurisdiction over facially invalid claims. *See Abbott v. Mexican American Legislative Caucus*, 647 S.W.3d 681, 699 (Tex. 2022) ["MALC"].

As an initial matter, Richardson judicially admitted at oral argument that the State of Texas is an improper defendant in this case. *See Murphy v. Williams*, 430 S.W.3d 613, 618 (Tex. App.—Dallas 2014, pet. denied) (elements of judicial admission). We agree with appellants and Richardson's concession that the State is not a proper defendant. *See MALC*, 647 S.W.3d at 698; *Paxton v. Simmons*, 640 S.W.3d 588, 603 (Tex. App.—Dallas 2022, no pet.).

We are left with Richardson's claims against the Governor and Secretary of State in their official capacities. First, Richardson fails to allege a valid cause of action under § 1983 for violations of the Fifth and Fourteenth Amendments. A § 1983 cause of action has two elements: (1) the conduct complained of was

committed by a person acting under color of state law, and (2) the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part & on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Initially, we disagree with appellants that the Governor or Secretary is not a "person" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Court was careful to distinguish cases where plaintiffs request money damages, as Will did, from those, as here, where the plaintiff requests only "prospective relief," including declaratory or injunctive relief, noting that "official-capacity actions for prospective relief are not treated as actions against the State." *See Will*, 491 U.S. at 71 n.10 (1989) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)); *Heckman v. Williamson County*, 369 S.W.3d 137, 158 & n.107 (Tex. 2012).

Richardson claims the Secretary has held and certified elections "using illegal district allocations" and that the Secretary continues to do so. She claims the Secretary violates Texans' constitutional rights by "setting the voting districts in accordance with the boundaries set out by the legislature" and "should be ordered to stop doing that." Richardson's petition does not cite a particular statute under whose color she claims the Secretary or Governor has acted. On appeal for the first time, she cites the statute creating the intermediate appellate court districts, Government Code § 22.201, but that doesn't help state a claim against either remaining defendant because that statute implicates no conduct by either of them. She also cites Election

–4–

Code § 31.001(a), which provides that the Secretary is the "chief election officer of the state." Former Election Code article 1.03 included what is now found in § 31.001(a) and § 31.003.[1] As the supreme court recognized of article 1.03 in 1972, the legislature did not give the Secretary a "delegation of authority to care for any breakdown in the election process." *Bullock v. Calvert*, 480 S.W.2d 367, 372 (Tex. 1972). Lastly, Richardson cites Election Code § 31.005(a),[2] but this section too fails to support any claimed unconstitutional act. It is a discretionary delegation of authority, *see* TEX. GOV'T CODE § 311.016(1), to the Secretary to protect against "abuse by the authorities administering the state's electoral processes." It is possible "the authorities" might be the proper parties in a particular case, but this section does not support a claim that the Secretary is a proper party in this case. None of these statutes implicate the Governor, nor has Richardson explained how his actions could be unconstitutional in this case.

The reality of intermediate appellate redistricting starts with the legislature, which has the first chance to act on appellate judicial redistricting by acting on a recommendation from the supreme court. TEX. GOV'T CODE § 74.022. If the

---

[1] "The secretary of state shall obtain and maintain uniformity in the application, operation, and interpretation of this code and of the election laws outside this code. In performing this duty, the secretary shall prepare detailed and comprehensive written directives and instructions relating to and based on this code and the election laws outside this code. The secretary shall distribute these materials to the appropriate state and local authorities having duties in the administration of these laws."

[2] "The secretary of state may take appropriate action to protect the voting rights of the citizens of this state from abuse by the authorities administering the state's electoral processes."

legislature doesn't act, then the Judicial Districts Board may act, and if it does not the Legislative Redistricting Board may act. *See* TEX. GOV'T CODE §§ 24.946–24.947, 74.022; TEX. CONST. art. III, § 28, art. V, § 7a; *Richardson*, 2024 WL 913380, at *1 (describing the statutory scheme).[3] Accepting Richardson's exceptionally general statement of the Secretary's role as sufficient to bring it within an immunity waiver or exception would allow virtually any electoral complaint through the plea to the jurisdiction stage. Richardson fails to explain how the Secretary or Governor has either authority or responsibility for acting under a law she seeks to challenge, most likely because they play "no role in the redistricting procedure delegated" to the legislature, the supreme court, the Judicial Districts Board, or the Legislative Redistricting Board. *See Richardson*, 2024 WL 913380, at *4.

Richardson's docket equalization theory fails similarly. Richardson claims that the scheme by which the Texas Supreme Court orders cases transferred from more busy to less busy intermediate appellate courts for disposition violates her rights. But none of the parties here have any role in the docket-equalization scheme. The legislature delegated to the supreme court the authority to transfer cases from one court of appeals to another. TEX. GOV'T CODE § 73.001. The supreme court maintains a policy for transferring cases "for the equalization of dockets as mandated

---

[3] "The Supreme Court of Texas shall have jurisdiction to compel [the Legislative Redistricting] Board to perform its duties in accordance with the provisions of this section by writ of mandamus or other extraordinary writs conformable to the usages of law." TEX. CONST. art. 3, § 28, cl. 7.

by the Legislature." *See* Policies for Transfer of Cases Between Courts of Appeals, Misc. Docket No. 06-9136 (Tex. Sept. 22, 2006). Richardson fails to articulate any constitutional claim against these defendants based on her docket-equalization theory because she has not articulated any act either the Secretary or Governor takes in the docket-equalization scheme. Having found no allegation that either the Governor or Secretary acted under color of state law in any meaningful way that Richardson alleges, we conclude Richardson has failed to articulate facially valid Due Process or Equal Protection claims pursuant to her § 1983 action.

We turn to Richardson's declaratory judgment claim. Although the UDJA generally waives immunity for declaratory judgment claims challenging the validity of statutes, immunity from suit is not waived if the constitutional claims are facially invalid. *Klumb v. Houston Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 13 (Tex. 2015). We have concluded Richardson fails to state a facially valid claim against the Secretary and the Governor under the United States Constitution, and Richardson has pointed us to no authority compelling us to treat her state constitutional claims any differently. *See id.* at 13 n.8 (citing *First American Title Ins. Co. v. Combs*, 258 S.W.3d 627, 638 (Tex. 2008) (federal equal protection law is instructive on Texas equal protection claims)); *Mosley v. Texas Health & Human Servs. Comm'n*, 593 S.W.3d 250, 264 (Tex. 2019) (due course of law clause and due process are "without meaningful distinction"). Thus, for the reasons articulated above, no valid constitutional claim animates her UDJA cause of action and it fails as well.

Turning to Richardson's Voting Rights Act claim, we conclude the trial court erred when it denied appellants' plea to the jurisdiction because Texas appellate courts have repeatedly held that federal courts have exclusive jurisdiction over VRA claims. *See Rodriguez v. Beaumont Indep. Sch. Dist.*, 413 S.W.3d 524, 530 (Tex. App.—Beaumont 2013, no pet.) ("Under the Voting Rights Act, Congress gave federal courts jurisdiction to address the enforcement of the Act; it did not give state courts jurisdiction over Voting Rights Act claims."); *Ortiz v. Thompson*, 604 S.W.2d 443, 445 (Tex. App.—Waco 1980, no writ) ("The express language of Sec. 1973c [now 52 U.S.C. § 10304] jurisdiction in voting rights cases is limited to Federal District Courts, and state courts have no power to adjudicate such actions."); *Johnson v. State*, No. 01-91-00369-CR, 1992 WL 85776, at *1 (Tex. App.— Houston [1st Dist.] Apr. 30, 1992, pet. ref'd) (not designated for publication) ("[N]either the trial court nor this Court has jurisdiction over a claim brought under the Voting Rights Act."); *see also Hathorn v. Lovorn*, 457 U.S. 255, 267–68 (1982) (acknowledging the possibility that federal courts have exclusive jurisdiction over Voter Rights Act claims).

The trial court erred when it denied appellants' plea to the jurisdiction because there is no sovereign immunity waiver for the Secretary or Governor under Richardson's allegations, the State of Texas is an improper defendant, and federal courts have exclusive jurisdiction over Voting Rights Act claims. Thus, we sustain

appellants' challenge to the trial court's denial of their plea to the jurisdiction based on sovereign immunity.

Finally, Richardson is not entitled to a remand and an opportunity to amend her pleadings because she cannot cure her pleading deficiencies. *See Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). Richardson cannot cure (1) her judicial admission that the State of Texas is an improper defendant; (2) the facial invalidity of her constitutional claims against Governor Abbott and Secretary Nelson because they play no meaningful role with respect to either appellate court boundaries and compositions or the docket-equalization scheme; or (3) federal courts' exclusive jurisdiction to adjudicate claims under the Voting Rights Act.

We reverse the trial court's denial of appellants' plea to the jurisdiction and render judgment dismissing Richardson's claims against appellants for lack of subject matter jurisdiction.

/Cory L. Carlyle//

230325f.p05

CORY L. CARLYLE
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STATE OF TEXAS, GOVERNOR GREG ABBOTT, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF TEXAS, AND JANE NELSON, IN HER OFFICIAL CAPACITY AS SECRETARY OF STATE, Appellants

No. 05-23-00325-CV          V.

KERESA RICHARDSON, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas Trial Court Cause No. 296-06669-2022.
Opinion delivered by Justice Carlyle. Justices Reichek and Miskel participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** granting appellants' plea to the jurisdiction.

It is **ORDERED** that appellants STATE OF TEXAS, GOVERNOR GREG ABBOTT IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF TEXAS, AND JANE NELSON IN HER OFFICIAL CAPACITY AS SECRETARY OF STATE recover their costs of this appeal from appellee KERESA RICHARDSON.

Judgment entered this 29th day of August 2024.