Opinion filed August 29, 2025



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00166-CV
_____

## CAROL JOHNENE MORRIS, Appellant

## V.

## MIDLAND CENTRAL APPRAISAL DISTRICT, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. DTX-24-00088**

## M E M O R A N D U M   O P I N I O N

Appellant, Carol Johnene Morris, filed a pro se notice of appeal from the trial court's "Order Granting Robert Morris III and Helen Price **Plaintiffs' MCAD and Midland County Installment Payment Agreement**."    In November 2024, Appellee, the Midland Central Appraisal District (MCAD), filed a suit for the collection of delinquent property taxes against Appellant, Carol Johnene Morris, Braggston T. Morris, and Robert James Morris III.   The trial court "rendered judgment in this case on April 15, 2025," but, on its own motion, set aside its

judgment and reinstated the case the next day. On June 12, Robert Morris entered into an installment agreement with MCAD. Appellant is attempting to appeal the installment agreement between those two parties. We dismiss the appeal for want of jurisdiction.

When this appeal was docketed, we informed Appellant by letter that it did not appear that the trial court had entered an appealable order in this case, and we informed her that the appeal was subject to dismissal. Appellant responded and stated that she was appealing (1) the trial court's "Order Denying Her Motion to Dismiss Under Rule [91a] And for Partial Summary Judgment, filed April 15, 2025" and (2) the installment agreement. For her "**<u>GROUNDS</u>**," she listed, among other things, a timeline of events that began in 1981 and alleged "judicial corruption," fraud, conspiracy, and postconviction habeas claims. Appellant has not shown grounds upon which this appeal may continue.

We also requested a response from MCAD. MCAD responded, clarified the procedural history of the case below, and agreed that the "informal installment agreement" from which Morris is attempting to appeal is not a final order or an appealable interlocutory order. In its response, MCAD requested that we dismiss the appeal for want of jurisdiction because of the lack of an appealable order.

Unless specifically authorized by statute, appeals may be taken only from final judgments. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex. 2007); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The purported order from which Morris attempts to appeal is not an order, but an installment agreement between MCAD and another party. Moreover, to the extent Morris attempts to appeal any denial of her Rule 91a motion on "April 15," the trial court subsequently set aside its judgment relating to that decision, if it was so made. Accordingly, we conclude that Appellant's notice of appeal does not invoke this court's appellate jurisdiction. *See* TEX. R. APP. P. 42.3(a).

2

We dismiss this appeal for want of jurisdiction.

JOHN M. BAILEY

CHIEF JUSTICE

August 29, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.