**Opinion filed September 11, 2025**



# In The

# Eleventh Court of Appeals

_____

## No. 11-25-00239-CV
_____

## CHRISTOPHER M. PERRICONE, Appellant

## V.

## KATIE BETH PERRICONE, ET AL., Appellees

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. C51852**

## M E M O R A N D U M   O P I N I O N

Appellant, Christopher M. Perricone, filed a pro se notice of appeal from the trial court's orders denying his "Motion to Declare Void Judge Mike Moore's Recusal Letter for Failure to Comply with Mandatory Disqualification Under Texas Law," his "Request for Findings of Fact and Conclusions of Law," and his "Notice of Past Due Findings and Supplemental Request to Clarify the Record." We dismiss the appeal for want of jurisdiction.

When this appeal was docketed, we informed Appellant by letter that it did not appear that the trial court had entered an appealable order in this case, and that the appeal was subject to dismissal. Appellant responded and stated that the orders that he is appealing "are void," and that "[i]f these orders are allowed to stand, [he is] prejudiced now" because "[t]he record suggests to a future jury that Judge Moore acted properly . . . and the 'without merit' label [in the order denying the motion to declare the recusal letter void] taints [his] filings and will likely be cited against [him] in the pending sanctions hearing and in future rulings." Appellant has not shown grounds upon which this appeal may continue.

Unless specifically authorized by statute, appeals may be taken only from final judgments. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex. 2007); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Judge Moore's voluntary recusal is not appealable. *See* TEX. R. CIV. P. 18a(j); *Ritz v. State*, No. 11-12-00037-CR, 2014 WL 358358, at *3 (Tex. App.—Eastland Jan. 31, 2014, no pet.) (The voluntary recusal of a trial court judge is not an appealable order.). In turn, the trial court's order denying Appellant's motion to declare Judge Moore's voluntary recusal letter void is not an appealable order because (1) it does not dispose of all parties and claims in the proceeding below and (2) an interlocutory appeal from such an order is not authorized by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) (West Supp. 2024); *Lehmann*, 39 S.W.3d at 195. Likewise, the trial court's order denying Appellant's requests for findings of fact and conclusions of law is not a final, appealable order.[1] *Lehmann*, 39 S.W.3d at 195. Accordingly,

---

[1]We note that the trial court was not required to file findings of fact and conclusions of law regarding its order denying Appellant's motion to declare Judge Moore's voluntary recusal letter void. *See* TEX. R. CIV. P. 296 (only requiring findings of fact and conclusions of law following a request *and* when the case has been "tried in the district or county court without a jury").

we conclude that Appellant's notice of appeal does not invoke this court's appellate jurisdiction.  *See* TEX. R. APP. P. 42.3(a).

We dismiss this appeal for want of jurisdiction.

PER CURIAM

September 11, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.