Opinion filed April 9, 2026



In The

# Eleventh Court of Appeals

_____

## No. 11-26-00020-CV

_____

## ROBERT BERLETH AND BERLETH & ASSOCIATES, PLLC, Appellants

## V.

## SUSAN CELESTE NORTHCOTT, Appellee

**On Appeal from the 266th District Court**
**Erath County, Texas**
**Trial Court Cause No. 25CVDC-00193**

### M E M O R A N D U M   O P I N I O N

This appeal arises from the trial court's denial of Appellants' plea to the jurisdiction and motion to dismiss pursuant to Rule 91a of the Texas Rules of Civil Procedure. TEX. R. CIV. P. 91a. We dismiss the appeal for want of jurisdiction.

On August 1, 2025, Appellee, Susan Celeste Northcott, filed suit against Appellants, Robert Berleth and Berleth & Associates, PLLC (Berleth), alleging that

Berleth, a court-appointed receiver in a case involving her ex-husband in Tarrant County, clouded title to her personal property in Erath County. Susan sought declaratory and injunctive relief in her original petition. Berleth filed a general denial, a plea to the jurisdiction, and a motion to dismiss under Rule 91a. Following a hearing, the trial court denied Berleth's plea and motion, and Berleth filed a notice of appeal.

When this appeal was docketed, we notified Berleth that the orders being appealed did not appear to be final or otherwise appealable, which affected our jurisdiction. We requested the parties to file responses and informed them that the appeal was subject to dismissal. *See* TEX. R. APP. P. 42.3(a).

Berleth asserts that he constitutes a "governmental unit" as contemplated by Section 51.014(a)(8) and is entitled to an interlocutory appeal under that statute because he is a court-appointed receiver in the 352nd District Court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2025). Susan responds that Berleth's status as a court-appointed receiver "[does] not convert [Berleth]—though an officer of the court—into 'this state' or 'one of the several agencies of government that collectively constitute the government of this state,'" nor does it qualify Berleth as "any other institution, agency, or organ of government the status and authority of which are derived from the Constitution of Texas or from laws passed by the legislature under the constitution." *See* CIV. PRAC. & REM. § 101.001(3)(A), (D) (West 2019).

Unless specifically authorized by statute, appeals may be taken only from final judgments. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex. 2007); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Section 51.014(a)(8) authorizes an interlocutory appeal from a trial court's order granting or denying a plea to the jurisdiction by a governmental unit, as that term is

defined in Section 101.001. Civ. Prac. & Rem. § 51.014(a)(8), 101.001(3). In relevant part, Section 101.001(3) provides that:

> "Governmental unit" means:
>
> > (A) this state and all the several agencies of government that collectively constitute the government of this state, including other agencies bearing different designations, and all departments, bureaus, boards, commissions, offices, agencies, councils, and courts; [and]
> >
> > . . .
> >
> > (D) any other institution, agency, or organ of government the status and authority of which are derived from the Constitution of Texas or from laws passed by the legislature under the constitution.

First, Berleth states that he is a state official because he is a receiver for the 352nd District Court, citing to *Koseoglu* in support. *See Koseoglu*, 233 S.W.3d at 843–45. In this regard, he contends that because a court-appointed receiver is an "[i]nstrumentality and [o]fficer" of the trial court and "Texas courts are agencies of the State of Texas . . . the receiver partakes of that same status." *See* Civ. Prac. & Rem. § 101.001(3)(A).

Next, Berleth contends that he constitutes a governmental unit because a court-appointed receiver is "an institution, agency, or organ of government," and their "status and authority derive from laws passed by the Legislature." *See id.* § 101.001(3)(D). In this regard, he states that a "receiver is unquestionably an institution of government," and that a "receiver acts under color of law, exercises powers that no purely private actor could wield, and administers a trust for the benefit of the public interest in the orderly resolution of litigation." Citing Section 31.002 of the Civil Practice and Remedies Code, he states that his "status and authority derive[s] in their entirety from laws passed by the Legislature." Civ. Prac. & Rem. § 31.002 (West 2020) (relating to postjudgment collections through a court proceeding).

Finally, Berleth contends that Section 51.014(a)(8) must be liberally construed "to effectuate its protective purpose."

"[C]haracterizations of textual interpretations as 'strict', 'liberal', 'narrow', 'broad', and the like are not helpful when, as is usually the case, the real goal is simply a 'fair' reading of the language." *Dallas Symphony Assoc., Inc. v. Reyes*, 571 S.W.3d 753, 759 (Tex. 2019). "[A] fair reading of [Section 51.014] must simply give effect to all its provisions." *Id.* We believe a fair reading of the statute forecloses Berleth's interlocutory appeal because a court-appointed receiver does not constitute a governmental unit as contemplated by Sections 51.014(a)(8) and 101.001(3).

We first address Berleth's reliance on *Koseoglu*. In *Koseoglu*, the supreme court addressed the application of Section 51.014(a)(8) to Mark McLellan, an employee of the Texas A&M University System and the plaintiff's supervisor, and held that McLellan, as a state official, could seek an interlocutory appeal from the denial of his plea to the jurisdiction. 233 S.W.3d at 837; *see* CIV. PRAC. & REM. § 51.014(a)(8). In that case, it was undisputed that McLellan, as an employee of Texas A&M, was a state official. *Id.* We have found no authority for the contention that a court-appointed receiver constitutes a state official.

As to his next argument, the supreme court has clarified that, for purposes of Section 51.014(a)(8) and, in turn, Section 101.001(3), an "organ of government" is one that "'operates as part of a larger governmental system' and performs a 'uniquely governmental' function." *CPS Energy v. Elec. Reliability Council of Tex.*, 671 S.W.3d 605, 614–16 (Tex. 2023) (quoting *Univ. of the Incarnate Word v. Redus*, 518 S.W.3d 905, 910–11 (Tex. 2017) (*Redus I*)). For example, the supreme court in *CPS Energy* held that Electric Reliability Council of Texas, Inc. (ERCOT) is an organ of government because it "operates as part of the state's broader electricity-

regulation system under PURA and performs the uniquely governmental function of utilities regulation." *Id.* at 616. In *Redus I*, the supreme court held that a private university that operates a state-authorized police department constituted a governmental unit when defending suits because the legislature authorized the university "to enforce state and local law using the same resource municipalities and the State use to enforce law: commissioned peace officers," and that "the function the Legislature has authorized [the university] to perform it strongly indicate that [it] is a governmental unit as to that function." *Redus I*, 518 S.W.3d at 911 (citing TEX. EDUC. CODE ANN. § 51.212(b) (West 2020)), *superseded by statute as stated in University of the Incarnate Word v. Redus (Redus II)*, 602 S.W.3d 398, 411–12 (Tex. 2020) (noting that the legislature amended Section 51.212 to designate campus police departments as law enforcement agencies and governmental bodies after suit was filed).

In contrast, turnover receivers do not serve the same type of public-oriented governmental function. Instead, the authority provided by the legislature allows the receiver appointed by the trial court to "take possession of . . . nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment." CIV. PRAC. & REM. § 31.002(b)(3). A plain reading of the statute restricts the receiver's authority to satisfying the judgment in the case in which the receiver is appointed.

Because an interlocutory appeal is not authorized by statute and the trial court's orders do not constitute a final judgment in the case, we lack jurisdiction to entertain Berleth's appeal. *See Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers or Am., L.L.C.*, 685 S.W.3d 816, 820 (Tex. 2024) (citing *Lehmann*, 39 S.W.3d at 200); *see* CIV. PRAC. & REM. § 51.014(a)(8).

Accordingly, we dismiss the appeal for want of jurisdiction.

W. BRUCE WILLIAMS

JUSTICE

April 9, 2026

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.